**Theodore R. FLAIZ et al., Petitioners,**

v.

**Jack Bernard MOORE, Sr., et al., Respondents.**

No. A-8901.

Supreme Court of Texas.

July 11, 1962.

Rehearing Denied Oct. 3, 1962.

Jacob G. Hornberger, Laredo, for petitioners.

R. J. Goodman, Elmore H. Borchers, Laredo, for respondents.

WALKER, Justice.

On the basis of its conclusion that the contacts between the parties and the forum are insufficient to require that the courts of Texas retain and exercise jurisdiction over this suit, the Court of Civil Appeals has held that the trial court did not abuse its discretion in dismissing the cause. 353 S.W.2d 74. It is our opinion that on the present record the order of dismissal cannot be upheld on that or any other ground.

Theodore R. Flaiz et al., petitioners, who are residents of the State of Maryland, instituted suit in the 49th District Court of Webb County against Jack Bernard Moore, Sr., respondent, and Jack Bernard Moore, Jr., neither of whom is a resident of Texas, to recover for personal injuries and property damage alleged to have been sustained in an automobile accident which occurred in South Dakota. Service of citation was never had on Jack Bernard Moore, Jr., but respondent was served while temporarily in Webb County. Respondent promptly filed a verified plea alleging that the accident occurred in South Dakota, that petitioners are residents of Maryland, that he and Jack Bernard Moore, Jr., were not residents of Texas when the suit was instituted or at any time since, and that in these circumstances the court had no jurisdiction of the action. He prayed that the suit be abated. This plea was overruled by the trial court on April 3, 1958.

About two years later respondent filed a second plea to the jurisdiction. After stating the residences of the parties and the place where the accident occurred, he alleged that South Dakota has adopted the doctrine of comparative negligence by statute, and that the laws of that state are so dissimilar to our laws that the courts of Texas cannot and should not undertake to administer and enforce the same. He prayed that the cause be dismissed for lack of jurisdiction. Respondent then filed a motion under the provisions of Rule 184a, Texas Rules of Civil Procedure, requesting the court to take judicial notice of the South Dakota comparative negligence statute and the decisions construing the same. He and petitioners also entered into a stipulation "[i]n connection with Defendant's motion to the jurisdiction based on the dissimilarity of the laws of South Dakota and of the State of Texas."

On January 19, 1961, the trial court entered an order dismissing the cause. This order recites that the court was acting on "the Plea to the Jurisdiction of this Court filed herein by Defendant, Jack Bernard Moore, Sr., such plea being based principally upon the dissimilarity of the law of South Dakota with the law of Texas," and was of the opinion that such plea should be

sustained. Petitioners appealed to the Court of Civil Appeals, urging by a single point of error that the comparative negligence law of South Dakota does not create such a dissimilarity in the laws of the two states that the courts of Texas should refuse to administer and enforce the same. By his counterpoints in the Court of Civil Appeals, respondent asserted: (1) that the doctrine of comparative negligence goes to the very existence of a right of action and is so dissimilar to our law that the courts of Texas should not and cannot undertake to enforce and administer the same; and (2) that to allow petitioners to recover in spite of their contributory negligence is contrary to the public policy of Texas.

The statement of the factors to be considered in applying the doctrine of forum non conveniens made by Mr. Justice Jackson in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, has been referred to or quoted in many cases. After observing that the principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute, he said:

"Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses.

"If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, wit-

nesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

Where the forum non conveniens doctrine is given its broadest application, the reasons for refusing to exercise jurisdiction may relate to the parties, the subject matter, or both. One writer has said that the cases in which the courts declined jurisdiction because of their inability to give effective relief are now thought of as a part of the doctrine. See 35 Cal.Law Rev. 380,

403. If this concept is accepted, our own decisions holding that the court should refuse to hear a suit when the foreign law which determines the rights of the parties is so dissimilar to the laws of this state as to be difficult or incapable of enforcement here, might also be regarded as applications of the forum non conveniens principle. See St. Louis, I. M. & S. Ry. Co. v. McCormick, 71 Tex. 660, 9 S.W. 540, 1 L.R.A. 804; Mexican Nat. R. Co. v. Jackson, 89 Tex. 107, 33 S.W. 857, 31 L.R.A. 276; El Paso & Juarez Traction Co. v. Carruth, Tex.Com.App., 255 S.W. 159. See also Slater v. Mexican National R. R. Co., 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900.

■ It is perhaps fair to say then that the doctrine of forum non conveniens is invoked by a contention that the court should not exercise jurisdiction in an action based on a foreign tort either because the parties are nonresidents or because the applicable substantive law differs from the law of the forum. These are, however, two distinct and usually unrelated grounds, and it is not fair to say that whenever the dissimilarity question is raised the court may dismiss on the ground that the party contacts with the forum are insufficient to require an exercise of jurisdiction. Whether jurisdiction will be retained when all parties are nonresidents is ordinarily determined by the trial court in the exercise of a sound discretion on the basis of the circumstances of the particular case. On the other hand, the dissimilarity problem when raised usually involves the relatively narrow inquiry as to whether the foreign law is so different from the Texas law as to be difficult or incapable of administration and enforcement by our courts.

. The courts of New York as a matter of public policy refuse to retain jurisdiction of an action between nonresidents based on a tort occurring outside the state unless special reasons are shown which make the retention of jurisdiction necessary or proper. See Annotation 32 A.L.R. 6, 48 A.L.R. 2d 800. There the emphasis is on the convenience of the court, and this has caused some courts of that state to treat the plea of forum non conveniens almost as jurisdictional. It has been said for example, that the defendant may invoke the doctrine even after the case has gone to trial, and that the court may raise the objection on its own motion at any time, even on appeal. See Brandao v. United Fruit Co., 183 N.Y.Misc. 2d 683, 50 N.Y.S.2d 886; Collard v. Beach, 81 App.Div. 582, 81 N.Y.S. 619, 93 App.Div. 339, 87 N.Y.S. 884; Waisikoski v. Philadelphia & Reading C. & I. Co., 173 App.Div. 538, 159 N.Y.S. 906. The New York Court of Appeals has held, however, that while the trial court may dismiss the action on its own motion, an effort of the defendant to invoke the exercise of the court's discretion in his favor comes too late when made at the end of the trial. Burdick v. Freeman, 120 N.Y. 420, 24 N.E. 949.

■ Whatever the rule may be in other states, it is our opinion that the absence of party contacts with the forum does not present a jurisdictional question in the sense that it might be raised for the first time on appeal or by an appellate court on its own motion. See Western Union Tel. Co. v. Russell, 12 Tex.Civ.App. 82, 33 S.W. 708 (wr. ref.). If the court is to decline jurisdiction on that ground, the question must be raised at a time and in a manner that will give the parties an opportunity to present evidence regarding the circumstances that are relevant to a determination of whether jurisdiction should or should not be retained. Here respondent's original motion called the court's attention to the residences of the parties and the place where the accident occurred, and prayed that the cause be abated for these reasons. This motion was overruled. Against that background, we do not think the party question was raised by the sentence in the second motion which mentions the residences of the parties and the place of the accident. The later plea was properly regarded by the parties as presenting only the contention that the court should decline jurisdiction because their rights would be determined

by the doctrine of comparative negligence. Neither the trial court nor the Court of Civil Appeals was justified in treating it as anything more.

Respondent did not attack the trial court's ruling on his first plea by cross-point in the Court of Civil Appeals. The only question presented to the intermediate court for decision was whether the dismissal of the suit could be sustained on the ground urged in respondent's second plea to the jurisdiction. It held, and we think correctly so, that the law of South Dakota is not so dissimilar to the law of Texas as to justify the trial court's refusal to exercise jurisdiction in this case. While contributory negligence ordinarily precludes a recovery under the laws of Texas, the doctrine of comparative negligence does not violate any public policy of this State. Vassallo v. Nederl-Amerik Stoomv Maats Holland, Tex., 344 S.W.2d 421. Our courts are quite capable of applying the same, and do so regularly in cases arising under Federal Employers' Liability Act. It has been held that the courts of Texas may not enforce a cause of action given by the law of another state when our own law, as applied to the facts, would not entitle the plaintiff to the relief sought. The court reasoned that there was no authority in law for a court of this state to give effect to foreign law under such circumstances. Texas & P. Ry. Co. v. Richards, 68 Tex. 375, 4 S.W. 627. In so far as actions for death or personal injuries are concerned, the requisite authority is now supplied by Article 4678, Vernon's Ann.Tex.Civ.Stat., and our courts no longer may refuse to recognize and enforce a right of action given by the law of another state or country merely because the Texas law, as applied to the same facts transpiring here, would afford the plaintiff no relief. We hold that the trial court erred in sustaining respondent's second motion to the jurisdiction.

It should be pointed out that we have not considered or attempted to decide in this case: (1) the extent to which the forum non conveniens principle is recognized in Texas; (2) whether Article 4678 is mandatory and deprives the court of any discretion where considerations relating to either the parties or the subject matter indicate that the controversy should be submitted to and determined by another forum; (3) whether the absence of party connections with the forum may be raised by the trial court on its own motion; and (4) where the burden of proof lies when the doctrine of forum non conveniens is properly invoked.

The judgments of the courts below are reversed, and the cause is remanded to the district court.

SMITH, J., concurs in the result.