**O. V. ROSKEY, Individually and as Agent for the Burleson County Taxpayers Grievance Committee, Petitioner,**

v.

**TEXAS HEALTH FACILITIES COMMISSION, et al., Respondents.**

No. C–1297.

Supreme Court of Texas.

July 21, 1982.

Rehearing Denied Oct. 13, 1982.

Wood, Lucksinger & Epsetin, William D. Darling, Austin, for petitioner.

Mark White, Atty. Gen., Nancy Lynch, Asst. Atty. Gen., Davis & Davis, Fred E. Davis, Austin, for respondents.

PER CURIAM.

This is an appeal from a summary judgment. O. V. Roskey, for himself and as agent for the Burleson County Taxpayers Grievance Committee, sued the Texas Health Facilities Commission, the Burleson County Hospital District and Thomas L. Goodnight Memorial Hospital, Inc., seeking a declaratory judgment that an exemption certificate issued by the Commission was void. The certificate was issued pursuant to section 3.02(a)(4) of the Health Planning and Development Act [1] and authorized the Hospital District to construct a new hospital in order to bring the District's health facilities into compliance with federal and state law. The Hospital District applied for the certificate on April 27, 1979, and the certificate was issued on July 26, 1979. During the interim, section 3.02(a)(4) was repealed, effective May 17. Roskey contends the certificate is void because it was issued after section 3.02(a)(4) was repealed. All three defendants moved for summary judgment on grounds that Roskey and the taxpayers had no standing and had not exhausted their administrative remedies. The trial court sustained the motion for summary judgment on both grounds and dismissed the cause with prejudice. The court of appeals affirmed the judgment of the trial court only on the ground that the taxpayers lacked standing.

[1]. Tex.Rev.Civ.Stat.Ann. art. 4418h.

In their petition, the plaintiffs alleged they were all taxpaying residents of the Hospital District and that the construction of a new hospital would result in higher taxes. The court of appeals, 630 S.W.2d 844, affirmed the summary judgment, noting there was no summary judgment proof that the District had taken any step toward increasing taxes. The court of appeals improperly placed on the nonmoving taxpayers the burden of proving standing. The movant has the burden of proving as a matter of law his entitlement to summary judgment. Tex.R.Civ.Pro. 166–A; *Missouri-Kansas-Texas Railroad Company v. City of Dallas*, 623 S.W.2d 296 (Tex.1981); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). The defendants, the movants, produced no summary judgment proof to show that the taxpayers did not have standing.

The defendants contend we should affirm the court of appeals' judgment on the exhaustion of remedies ground. Here also, the defendants failed to produce any summary judgment proof that the taxpayers failed to exhaust their administrative remedies.

The opinion of the court of appeals conflicts with Tex.R.Civ.Pro. 166–A and the opinions of this Court in *Missouri-Kansas-Texas Railroad Company v. City of Dallas, supra,* and *City of Houston v. Clear Creek Basin Authority, supra.* Therefore, pursuant to Tex.R.Civ.Pro. 483 and without hearing oral argument, we reverse the judgment of the court of appeals and remand the cause to the trial court.