**Percy E. GRIFFIN, Petitioner,**

v.

**Dale H. ROWDEN et al., Respondent.**

No. C–1961.

Supreme Court of Texas.

July 20, 1983.

---

Gerald Weatherly, Dallas, for petitioner.

Freytag, Marshall, Laforce, Rubinstein, Stutzman & Teofan, Karl L. Rubinstein, Dallas, for respondent.

ROBERTSON, Justice.

Percy Griffin sued Dale Rowden, Sr., to recover the costs of drilling an oil well under a farm-out agreement, as well as for other damages resulting from the breach of that contract. The trial court rendered summary judgment for Rowden, and the court of appeals affirmed in an unpublished opinion. Tex.R.Civ.P. 452. We reverse the judgments of the courts below and remand the case for trial.

The contract in question required that operations commence by May 1, 1979. Griffin later sold one-half of his interest under the contract to another party. It was undisputed that Griffin did not receive a permit to drill from the Railroad Commission until May 11; however, Griffin testified that the wells were staked and that other preparations for drilling were made before the deadline, thus satisfying the contract. This testimony was uncontradicted.

The basis of the summary judgment here is that Griffin could not prevail on his cause of action as a matter of law because: (1) Griffin would have to rely on his own illegal act (i.e., drilling without a permit) to prove compliance with the contract deadline for commencement of drilling operations, and (2) that the contract became null and void when Griffin assigned the drilling obligation.

The movant for summary judgment must establish that no material issue of fact ex-

ists as to the plaintiff's cause of action, and that the movant is thus entitled to judgment as a matter of law. Rowden's motion for summary judgment does not address the issues that the contract did not prohibit assignment by its terms or that Griffin is not relying on actual drilling to comply with the contract terms. Thus we hold that Rowden has not established as a matter of law that Griffin could not prevail.

Inasmuch as Rowden has not met his burden, he is not entitled to summary judgment. *Mitchell v. Baker Hotel of Dallas, Inc.,* 528 S.W.2d 577 (Tex.1975). Because the decision of the court of appeals is in conflict with *Mitchell,* we grant writ of error, and, after hearing oral argument, reverse the judgments of the court of appeals and of the district court, and remand the cause to the district court for trial.