**Valerie Jacqueline COUCH, et al, Appellant,**

v.

**CHEVRON INTERNATIONAL OIL CO., INC., et al, Appellee.**

**No. B14–83–422CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 5, 1984.

Rehearing Denied June 7, 1984.

Benton Musslewhite, Law Offices of Benton Musslewhite, Newton B. Schwartz, Houston, for appellant.

Randy J. McClanahan, Baker & Botts, Jack Allbritton, Fulbright & Jaworski, Houston, for appellee.

Before PRESSLER, ROBERTSON and ELLIS, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the dismissal of a wrongful death action brought by the survivors of a Scottish seaman who died of injuries sustained while working on a diving support vessel in the North Sea. The action was dismissed under the doctrine of *forum non conveniens.* We affirm.

In their first three points of error, appellants claim: (1) TEX.REV.CIV.STAT.ANN. art. 4678 (Vernon 1982–1983) deprives the trial court of discretion to dismiss on grounds of *forum non conveniens,* (2) the trial court has no discretion to dismiss a case involving corporate defendants authorized to do business in Texas based on *forum non conveniens,* and (3) Texas does not generally recognize the doctrine of *forum non conveniens.*

Article 4678 does not give a foreign plaintiff an absolute right to bring his cause of action in the Texas courts. It was not intended to apply to all wrongful death claims. The case before us is one in admiralty, brought under the Jones Act, 46 U.S.C.A. § 688 (1977) and as such, federal law applies. The Jones Act covers personal injury, wrongful death and survival actions based on the negligence of a seaman's employer. While state courts have concurrent jurisdiction with federal courts to hear admiralty matters under the "saving to suitors" clause, federal substantive law must still be applied.

In *Lindgren v. United States,* 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686 (1930), the United States Supreme Court held that the Jones Act contained the exclusive right of action for the death of seamen killed in the

course of their employment and that it superseded all state death statutes which might otherwise apply to maritime deaths. This case further held that the Jones Act was enacted to provide uniformity in the exercise of admiralty jurisdiction. Thirty years later, in *Gillespie v. United States Steel Corporation,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), the United States Supreme Court reaffirmed *Lindgren,* and stated that it should not disturb the "settled plan of rights and liabilities established by the Jones Act." The Texas Supreme Court has also recognized the supremacy of federal maritime law over the Texas Wrongful Death Act. *Mandell and Wright v. Thomas,* 441 S.W.2d 841 (Tex. 1969).

There is no basis for excluding Article 4678 from this general rule. Substantial federal maritime case law has developed to determine the choice of law and the proper forum for litigating a case. `To the extent Article 4678 conflicts with federal admiralty law, the federal laws must prevail.

Texas recognizes the doctrine of *forum non conveniens.* The Texas Supreme Court has, however, expressly reserved decision as to the extent to which the doctrine is applicable under Article 4678. *Flaiz v. Moore,* 359 S.W.2d 872 (Tex.1962). Nevertheless, since federal law applies in this case, we overrule points one, two and three.

■ In points of error four and five, appellants contend that there were material fact issues to be resolved by a jury. Nothing in the record supports this claim. The following findings were set forth in the trial court's Order to Dismiss:

(1) plaintiffs are residents of Scotland, as was the deceased;

(2) the deceased was employed by a Scottish subsidiary of defendant Star Offshore Services, Ltd., also a Scottish company;

(3) Star Offshore Services, Ltd. was in Scotland;

(4) the deceased was a crew member of the diving support vessel, STAR CANNOPUS;

(5) the STAR CANNOPUS was owned by another subsidiary of Star Offshore Services, Ltd., and flew the English flag;

(6) the base of operations of STAR CANNOPUS was in Scotland;

(7) the deceased was injured and died while engaged in diving operations in the North Sea;

(8) the STAR CANNOPUS was working under contract to Chevron Petroleum (U.K.) Ltd., an English company headquarted in England;

(9) plaintiff had an identical lawsuit pending in the United Kingdom.

These findings were based on undisputed evidence and were the basis of the dismissal. Appellants claim fact issues existed as to whether Chevron was the de facto employer of decedent and whether all of the Chevron companies operated as alter egos of each other. However, there is no evidence in the record to show these issues were in dispute. Points of error four and five are overruled.

■ In point of error six, appellants contend the trial court erred in holding that American law did not apply because there were substantial contacts between the employer and the United States. They argue that the Chevron companies were the de facto operators of the STAR CANNOPUS since at the time of the accident it was working under contract to Chevron Petroleum (U.K.) Ltd. Appellants claim that Chevron (U.K.) was an alter ego of the U.S. based Chevron companies which made the United States the company's base of operations. Even assuming ultimate U.S. ownership or control, this contact alone would be insufficient to require application of American law. *See Vaz Borralho v. Keydril Co.,* 696 F.2d 379 (5th Cir.1983); *Chiazor v. Transworld Drilling Co.,* 648 F.2d 1015 (5th Cir.), *cert. denied; Zekic v. Reading & Bates Drilling Co.,* 680 F.2d 1107 (5th Cir. 1983). Also, we find no evidence in the record to support appellants' contentions

that decedent either was a borrowed servant of Chevron (U.K.) or that Chevron (U.K.) and the defendant Chevron entities operated as alter egos. We overrule point of error six.

■ In point of error seven, appellants contend that consideration of the fact that a party is of a foreign nationality is contrary to the United States and Texas Constitutions and to certain statutes. This issue was addressed in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), where the Supreme Court found it to be without merit. The Court stated that a distinction between a resident and a foreign plaintiff is justified because when a resident chooses a "home forum," it is reasonable to assume the choice was a convenient one. When a plaintiff is foreign, it is less reasonable to make that assumption. Since the primary purpose of the doctrine of *forum non conveniens* is to provide for a convenient trial, a foreign plaintiff's choice of forum is to be given less weight. *Piper*, 102 S.Ct. at 266. In *Vaz Borralho v. Keydril Co.*, 696 F.2d 379 (5th Cir.1983), the Court stated that "[t]he Constitution does not require the United States, as a condition of applying its laws to its own citizens and residents, to be courthouse or law maker for the world." 696 F.2d at 390. We overrule point of error seven.

■ In point of error eight, appellants argue that 46 U.S.C. § 764 (1977) requires an American court to adjudicate any right of action available in a foreign forum. By failing to support this contention by arguments and authority, appellants have waived this point. *Arrechea v. Arrechea*, 609 S.W.2d 852 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); TEX.R. CIV.P. 418(e).

In point of error nine, appellant contends there was no evidence, or insufficient evidence, to prove sufficient inconvenience if the suit was retained in American courts.

■ This determination must be made with regard to whether there was a clear abuse of discretion. *Piper Aircraft Co. v.*

*Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Elements to be considered in determining whether there was an abuse of discretion include the relative ease of access to sources of proof, the availability of the power to compel witnesses to testify, the cost of transporting willing witnesses and other practical problems. The public interest should also be considered. Considerations include administrative difficulties arising from congested court dockets, the interest in deciding localized controversies at home, having the trial of a case in a forum familiar with the law that will govern the action, the imposition of jury duty on members of a community which has no relation to the litigation and the difficulties in resolving conflicts of laws problems. *Gilbert*, 330 U.S. at 508–509, 67 S.Ct. at 843. In *Piper Aircraft Co. v. Reyno*, the Supreme Court noted that while there is ordinarily a strong presumption in favor of a plaintiff's choice of forum, this presumption is entitled to less deference when the plaintiff is foreign. *Piper*, 102 S.Ct. at 265. Here, it is clear the trial court did not abuse its discretion in dismissing appellant's case. We overrule point of error nine.

■ In point of error ten, appellants contend the trial court erred in failing to place "reasonable and necessary" conditions on appellees in its Order of Dismissal. Plaintiff had an identical action pending against defendants in the United Kingdom. This was sufficient for the protection of appellants' interests. We overrule point of error ten.

The judgment of the trial court is affirmed.