Mrs. Valerie Jacqueline **COUCH** et al, Petitioners,

v.

**CHEVRON INTERNATIONAL CO., INC., et al, Respondents.**

No. C–3083.

Supreme Court of Texas.

Dec. 19, 1984.

O'Quinn, Hagans & Wettman, John O'Quinn, Benton Musslewhite, Houston, for petitioners.

Baker & Botts, Randy J. McClanahan, Fulbright & Jaworski, Jack Allbritton, Houston, for respondents.

ON MOTION FOR REHEARING

PER CURIAM.

This is an appeal from a dismissal of a wrongful death action based on the doctrine of *forum non conveniens.* The plaintiffs are citizens of Scotland and are the survivors of a Scottish decedent who died while working for Chevron on a British flag vessel operating in the offshore oil fields of the North Sea. The plaintiffs filed suit to recover wrongful death damages under the Jones Act, 46 U.S.C. § 688 (1982). The defendants moved to dismiss the cause contending that, under applicable choice of law rules, the plaintiffs' only cause of action existed in English law. Consequently, the defendants argued that the doctrine of *forum non conveniens* required the dismissal of the Texas action. The trial court granted the defendants' motion. On motion for new trial, the plaintiffs asserted that in addition to the Jones Act suit, they also were suing under Tex. Rev.Civ.Stat.Ann. art. 4678 (Vernon Supp. 1984) to enforce their English causes of

action.[1] The plaintiffs, however, did not amend their pleadings to raise this matter, so the trial court denied the motion.

Responding to the plaintiffs' appeal, the defendants urged: (1) that the plaintiffs' failure to timely plead for relief under article 4678 served to waive any right to recover under that statute; and (2) even if plaintiffs properly pleaded an article 4678 cause of action, the doctrine of *forum non conveniens* still would require a dismissal of this cause. In affirming the trial court, the court of appeals chose not to base its decision on the plaintiffs' waiver of the article 4678 cause of action. 672 S.W.2d 16. Rather, the court sustained the defendants' alternative argument that, even if the article 4678 cause of action were pleaded properly, the dismissal for *forum non conveniens* still was correct. *Id.* at 18.

We refused this writ application, finding no reversible error, because we agreed that the plaintiffs waived their article 4678 cause of action. The court of appeals opinion, however, does not mention this waiver. Although the court of appeals reached the correct decision, that part of its opinion pertaining to article 4678 and *forum non conveniens* is dicta. Thus, the applicability of *forum non conveniens* to an article 4678 cause of action is an open question. *Flaiz v. Moore*, 359 S.W.2d 872, 876 (Tex. 1962). Consequently, for the reasons stated, we overrule petitioners' motion for rehearing on the application for writ of error.

---

1. Article 4678 in its pertinent part provides: Death in foreign state.

   Whenever the death of a [foreign] citizen ... has been ... caused by the wrongful act ... of another in any foreign ... country for which a right to maintain an action and recover damages thereof is given by ... such foreign ... country ... such right of action may be enforced in the courts of this State....