**Mary CORDER and Husband, Robert Corder, Appellants,**

v.

**A.H. ROBINS COMPANY, INC., Appellee.**

**No. 11–84–129–CV.**

Court of Appeals of Texas, Eastland.

June 6, 1985.

Rehearing Denied June 27, 1985.

Samuel L. Boyd, Boyd & Dubose, Dallas, for appellants.

Robert M. Greenberg and Hollye C. Fisk, Greenberg, Benson, Fisk & Fielder, Dallas, for appellee.

## OPINION

McCLOUD, Chief Justice.

This is a summary judgment case. Mary Corder and her husband, Robert Corder, sued A.H. Robins Company, Inc. on September 18, 1981, alleging that Mary Corder's inability to have children was caused by her use of the "Dalkon Shield" manufactured and marketed by Robins. The Corders alleged several theories of liability, including negligence, strict liability, fraud, and breach of express and implied warranties. Robins filed a motion for summary judgment asserting the two-year statute of limitations, TEX.REV.CIV.STAT.ANN. art. 5526 (Vernon Supp.1985) and the four-year statute of limitations, TEX.BUS. & COM. CODE ANN. sec. 2.725 (Vernon 1968). The trial court rendered summary judgment for Robbins. The Corders appeal. We reverse and remand for trial.

The plaintiffs urge that Mrs. Corder did not learn until August of 1980 that her infertility problems were caused by her use of the Dalkon Shield. The Corders argue that this is a proper case for the application of the Texas "discovery rule." We agree.

In February of 1971, Mrs. Corder was fitted with the Dalkon Shield intrauterine device. The device was removed in February of 1972 because of cramping and bleeding. During the following years, the Corders unsuccessfully attempted to conceive a child. They consulted Dr. Choi in 1973 for possible infertility problems. They consulted Dr. Ackerman in April of 1979, who noted on the first visit that Mrs. Corder had previously used a Dalkon Shield. In fact, he associated her problems with the Dalkon Shield. However, Dr. Ackerman did not communicate this information to Mrs. Corder. Infertility tests were conducted on both Mr. and Mrs. Corder. In June of 1979, X-rays were taken of Mrs. Corder's fallopian tubes to determine whether there was a tubal blockage. This first set of X-rays indicated a prior history of infection in the fallopian tubes. A second set of X-rays were taken on April 4, 1980, which confirmed the first tests. Following hospitalization for acute salpingitis, Dr. Ackerman referred Mrs. Corder to Dr. McWherter in an effort to determine the cause and to correct her infertility and probable fallopian tube blockage. In August, 1980, Mrs. Corder underwent surgery by Dr. McWherter. By affidavit, Mrs. Corder states that following her surgery she was told, for the first time, by Dr. McWherter that her use of the Dalkon Shield was "probably" the cause of the damage to her reproductive system. She states that until that time, she was totally unaware of any association between her infertility and her use of the Dalkon Shield in 1971–1972. Robins argues that the Corders knew, or should have known, of her injury and the alleged cause, at the very latest, in June of 1979, when the X-rays disclosed prior infection in her fallopian tubes.

Plaintiffs' strict liability cause of action is governed by TEX.REV.CIV.STAT. ANN. art. 5526, which provides that such action must be brought "within two years after the cause of action shall have ac-

crued." Usually, the cause of action is considered to accrue at the time of injury. *Robinson v. Weaver*, 550 S.W.2d 18 (Tex. 1977). However, in *Gaddis v. Smith*, 417 S.W.2d 577 (Tex.1967), a medical malpractice case, the Texas Supreme Court adopted the "discovery rule," providing that the statute of limitations did not begin to run until the plaintiff learned of, or in the exercise of reasonable care and diligence should have learned of, the presence of the foreign object in the body. The rule as originally applied in *Gaddis* was expressly limited "to causes of action in which a physician leaves a foreign object in the body of his patient." The rule has since been extended to apply to medical malpractice cases other than "foreign object" cases. See *Hays v. Hall*, 488 S.W.2d 412 (Tex.1972), [failure of a vasectomy operation]; *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977), [negligently performed operation]. This rule recognizes that in certain rare situations it is difficult if not altogether impossible to discover the existence of a legal injury. A "legal injury" is an "injury giving cause of action by reason of its being an invasion of a plaintiff's right." *Houston Water-Works Co. v. Kennedy*, 70 Tex. 233, 8 S.W. 36 (1888). In the instant case, Mrs. Corder discovered in June of 1979 that her fallopian tubes were damaged. However, she did not, according to her affidavit, discover the cause until August of 1980.

In *Grady v. Faykus*, 530 S.W.2d 151 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.), where the plaintiff was injured by excessive radiation, the court stated:

[A] fact issue exists about when plaintiff discovered the true facts concerning the cause of her unfortunate condition or the date she, in the exercise of ordinary care, should have discovered such cause. Because of that fact issue, the trial court erred in granting a summary judgment in defendants' favor.

Our Supreme Court in *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977), while discussing *Grady*, said:

(W)e found no reversible error in the court of civil appeals' holding that a

cause of action for excessive treatment with X-rays did not "accrue" for limitations purposes until the plaintiff, a cancer patient, had learned that excessive radiation, and not a recurrence of cancer, *was the cause of her ulcerated epidurmis*. (Emphasis added)

The principle stated in *Grady* governs this case. The Corders consulted three doctors, Mrs. Corder underwent several X-ray examinations and finally Mrs. Corder submitted to surgery. It was only after surgery that the Corders were informed of the alleged cause of Mrs. Corder's physical problems.

The Fifth Circuit recently applied the Texas "discovery rule" to a Dalkon Shield case with strikingly similar facts. In *Mann v. A.H. Robins Co., Inc.*, 741 F.2d 79 (5th Cir.1984), Mrs. Mann was fitted with a Dalkon Shield intrauterine device which she wore until December of 1972 when, despite the IUD, she became pregnant but miscarried. After removal of the IUD, she developed pain in her lower abdomen during sexual relations. In March of 1974, Mrs. Mann's doctor diagnosed her condition as endometriosis, and Mrs. Mann was forced to undergo a total hysterectomy. Although Mrs. Mann knew that she was ill in 1974, she did not know the alleged "cause" of her illness until 1982, when she discovered that the Dalkon Shield was responsible. In applying the Texas discovery rule, the court said:

As we stated in a recent Dalkon Shield action in which the defendant, Robins, raised this same statute of limitations defense: "Clearly, the relevant 'injury' occurred when the plaintiff discovered the injury and its cause in fact." *Timberlake v. A.H. Robins*, 727 F.2d 1363 (5th Cir.1984) (discussing the Texas cases). In Timberlake, the plaintiff failed to file suit within two years of learning that she had endometriosis and that it was, in her doctor's opinion, caused by the Dalkon Shield. We held that the statute of limitations was triggered at the point when she discovered her injury and its cause and that she was

therefore time-barred.... According to Mrs. Mann, her situation presents the converse of that found in these cases: we conclude that if she is correct in asserting that she did not know, nor should reasonably have known, of the cause of her endometriosis more than two years before suit, her claim is not barred by Texas law.

In *Newberry v. Tarvin,* 594 S.W.2d 204 (Tex.Civ.App.—Corpus Christi 1980, no writ), an IUD case, the court stated:

> While it is conclusively established that plaintiff was aware of internal pain more than two years prior to July 3, 1978, when this suit was filed, the summary judgment proof does not establish, as a matter of law, that plaintiff knew, or, in the exercise of reasonable care and diligence, should have known, prior to that date, *that her pain was caused by the presence of the IUD in her body.* (Emphasis added)

The court in *Newberry* also stated:

> There is no evidence that Dr. Fox, or any other person, ever told plaintiff that Dr. Fox, on June 29, 1976, discovered that the IUD was still in plaintiff's body and was the cause of her injury.

We reject Robins' argument that Mrs. Corder, as a matter of law, failed to exercise due diligence by not learning from Dr. Ackerman in 1979 that he associated her problems with the Dalkon Shield.

■ There is evidence in this summary judgment proceeding that Mrs. Corder had no reason to know of her legal injury until she was told by Dr. McWherter that the Dalkon Shield "probably" caused her condition. Therefore, Robins failed to establish the defense of limitations as a matter of law. The summary judgment evidence shows the existence of a genuine issue of material fact as to whether Mrs. Corder discovered the cause of her injury more than two years before suit was filed, or, in the exercise of reasonable care and diligence, should have discovered the cause prior to that date.

We make no comments on the Corders' argument that the limitation period was also tolled because of Robins' fraudulent concealment. No doubt, additional evidence will be developed on this issue at the trial on the merits.

The judgment of the trial court is reversed, and the cause is remanded for trial.