**Domingo Castro ALFARO, et al., Appellants,**

v.

**DOW CHEMICAL, et al., Appellees.**

No. 01–87–00700–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 24, 1988.

Rehearing Denied June 16, 1988.

Charles S. Siegel, Russell W. Budd, Baron & Budd, Dallas, for appellants.

Burt Ballanfant, Jose Berlange, and Walter Conrad, Michael L. Samford, Baker & Botts, Houston, for appellees.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

This is an appeal from the trial court's "forum non conveniens" dismissal of appellants' suit.

Appellants are all Costa Rican residents. Appellee Dow Chemical ("Dow") is a Delaware corporation with its principal place of business located in Midland, Michigan. Appellee Shell Oil Company ("Shell") is a Delaware corporation with its principal place of business located in Houston, Texas. Both Dow and Shell are authorized to do business in Texas.

Appellants' suits claim that while working for Standard Fruit on a banana plantation in Costa Rica, they were required to handle DBCP, a pesticide manufactured and furnished to Standard Fruit by Dow and Shell; that their handling of the DBCP caused them physical and mental damages, including irreversible sterility; and that appellees were liable for damages under the theories of products liability, strict liability, and breach of warranty.

Appellees contested the jurisdiction of the Texas trial court and, alternatively, contended that the cause should be dismissed under the forum non conveniens doctrine.

The trial court found that it had jurisdiction under Tex.Civ.Prac. & Rem.Code Ann. § 71.031 (Vernon 1986), but dismissed the cause for forum non conveniens.

In a single point of error, appellants claim that forum non conveniens dismissal is precluded by § 71.031, which provides:

Act or Omission Out of State

(a) An action for damages for the death or personal injury of a citizen of this

state, of the United States, or of a foreign county may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:

(1) a law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury;

(2) the action is begun in this state within the time provided by the laws of this state for beginning the action; and

(3) in the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.

(b) All matters pertaining to procedure in the prosecution or maintenance of the action in the courts of this state are governed by the law of this state.

(c) The court shall apply the rules of substantive law that are appropriate under the facts of the case.

In four cross-points of error, Shell claims:

(1) that the court erred in finding that it had jurisdiction over the case;

(2) that the court erred in holding that plaintiffs had established a prima facie cause of action against Shell; and

(3) that the evidence was legally and factually insufficient to show that plaintiffs had complied with the requirements of § 71.031.

We must first determine whether the trial court had jurisdiction, because forum non conveniens does not apply unless there is jurisdiction. *Cole v. Lee,* 435 S.W.2d 283 (Tex.Civ.App.—Dallas 1968, writ dism'd).

Shell and Dow are both foreign corporations licensed to do business in Texas. As such, they are not residents. *H. Rouw Co. v. Railway Express Agency,* 154 S.W.2d 143 (Tex.Civ.App.—El Paso 1941, writ ref'd).

All plaintiffs are citizens of Costa Rica, and the events giving rise to their cause of action all occurred in Costa Rica.

Although there is little Texas nexus in our case, § 71.031 gives appellants the right to sue in Texas if: (1) Costa Rica affords appellants a like action; (2) the action is brought in Texas within the time provided by our laws; and (3) Costa Rica has equal treaty rights with the United States on behalf of its citizens.

There is little dispute among the parties as to (1) and (3) above, but whether the suit was brought within the Texas limitations period is fiercely contested.

Both Shell and Dow admit selling DBCP to Standard Fruit in Costa Rica, but Shell claims that it made its last delivery in 1970, and Dow claims that it made its last delivery in 1978. Appellants filed suit in 1984.

Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986) (formerly art. 5526), requires that suits based upon negligence or strict liability must be brought not later than two years after the cause of action accrues.

■ Tex.Bus. & Com.Code Ann. § 2.725 (Vernon 1968) provides that an action for breach of warranty must be brought within four years after the action accrues. A cause of action in tort arises when the injury and its cause are discovered. *Robinson v. Weaver,* 550 S.W.2d 19 (Tex.1977); *Corder v. A.H. Robins Co.,* 692 S.W.2d 194 (Tex.App.—Eastland 1985, no writ).

A cause of action for breach of warranty accrues on the date of tender of delivery of the product. *Garcia v. Texas Instruments, Inc.,* 610 S.W.2d 456 (Tex.1980).

Appellees claim that appellants failed to file suit within the Texas statute of limitations, and therefore did not meet the requirement of subsection (a)(2) of § 71.031. Appellants dispute this claim.

■ Each party submitted controverting affidavits and discovery in support of its position on the limitations issue. It is apparent that there were numerous fact questions raised by both sides. However, the right to a trial by jury does not attach to a preliminary determination of jurisdiction. *Bearden v. Texas Co.,* 41 S.W.2d 447, 458 (Ct.Civ.App.1931), *aff'd,* 60 S.W.2d 1031 (Tex.Comm'n.App.1933). Therefore, the trial judge was authorized to make a preliminary decision on the existence of jurisdiction over the subject matter of this suit.

We must assume that appellants' allegations concerning their cause of action are true, absent an assertion by the appellees that they are not made in good faith and are made solely to confer jurisdiction. *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 294, 224 S.W.2d 466, 469 (1949). Based on appellants' allegations in the record before this Court, the trial court did not err in finding that it had jurisdiction to hear the case.

Appellees' cross-points are overruled.

Appellants' point of error raises the question of whether § 71.031, which creates jurisdiction for personal injury and wrongful death claims arising outside the State, precludes a trial court from invoking the common-law doctrine of "forum non conveniens" in an appropriate situation.

The pertinent language of subsection (a) provides that, "An action *may be enforced* in the courts of this state...."

Appellants claim that their statutory right to maintain suit in a Texas district court is not subject to dismissal for forum non conveniens. Appellees maintain that the statute does not deprive the court of discretion to dismiss the case for forum non conveniens.

The Texas Supreme Court has consistently declined to address this question. In *Flaiz v. Moore,* 359 S.W.2d 872, 876 (Tex. 1962), the court concluded its opinion with the following notation:

It should be pointed out that we have not considered or attempted to decide in this case: (1) the extent to which the forum non conveniens principle is recognized in Texas; (2) whether Article 4678 [predecessor of 71.031] is mandatory and deprives the court of any discretion where considerations relating to either the parties or the subject matter indicate that the controversy should be submitted to and determined by another forum; (3) whether the absence of party connections with the forum may be raised by the trial court on its own Motion; and (4) where the burden of proof lies when the doctrine of forum non conveniens is properly invoked.

In *Francis v. Herrin Transportation Co.,* 432 S.W.2d 710 (Tex.1968), the court expressed no opinion as to the merit of a forum non conveniens plea, and referred the reader to its *Flaiz* decision.

More recently, in *Couch v. Chevron International Oil Co.,* 672 S.W.2d 16 (Tex. App.—Houston [14th Dist.] 1984), *writ ref'd n.r.e. per curiam,* 682 S.W.2d 534 (Tex.1984) (op. on reh'g), the Supreme Court affirmed the appellate court, but reiterated that the applicability of forum non conveniens to § 71.031 is an open question.

Each party claims that the language of the statute supports its position. Appellees argue that the use of the words *"may be enforced"* indicates that the legislature recognized the trial court's discretionary power to dismiss. However, we agree with appellants that the legislature did not intend to *require* a plaintiff to bring suit in a Texas court, but merely to *allow* him to bring suit in Texas. Use of the words "shall" or "must" would have the undesired effect of limiting a plaintiff's choice of venue. Therefore, the "may" language is not dispositive.

However, we do think it relevant that the statute provides that an action may be "enforced" in a Texas court, rather than merely allowing an action to be "brought" in this State. This could indicate a legislative intent that foreign plaintiffs be allowed not only to *file* suit in a Texas court, but to remain in a Texas court throughout the enforcement of the action through execution.

Although the Texas Supreme Court has not decided this question, it has evidenced an opinion that § 71.031 preempts the forum non conveniens doctrine.

*Couch v. Chevron International Oil Co.* was an appeal of the dismissal of a Jones Act suit in state court. The 14th Court of Appeals stated that article 4678 did not give a foreign plaintiff an absolute right to bring an action in the Texas courts, and was not intended to apply to all wrongful death claims. The court then noted that the case was brought under the Jones Act, and upheld the dismissal, noting that the Texas Wrongful Death Act, of which arti-

cle 4678 was a part, yields to the exclusivity of federal maritime law. The supreme court refused the writ application, no reversible error, but noted, "Although the court of appeals reached the correct decision, that part of its opinion pertaining to article 4678 and 'forum non conveniens' is dicta. Thus, the applicability of forum non conveniens to an article 4678 cause of action is an open question." 682 S.W.2d at 535.

It is relevant to our decision to note that nothing in the court of appeals' decision required the supreme court to disavow it in an opinion. The appellate decision specifically recognized that, "[t]he Texas Supreme Court has ... expressly reserved the decision as to the extent to which the doctrine is applicable under Article 4678." 672 S.W.2d at 18. The logical conclusion from the supreme court's statements is that that court disagreed with the appellate court's assertion that "Article 4678 does not give a foreign plaintiff an absolute right to bring his cause of action in the Texas courts." 672 S.W.2d at 17.

Further indicia of the likely position of the supreme court on this question is the court's action in *McNutt v. Teledyne Industries, Inc.*, 693 S.W.2d 666 (Tex.App.—Dallas 1985, no writ). In that case, the court of appeals held that forum non conveniens dismissal was available under article 4678. The supreme court granted writ of error, 29 Tex.Sup.Ct.J. 66 (Nov. 20, 1985), but the case settled prior to oral argument. The supreme court then voluntarily issued a judgment letter setting aside the judgments of the trial court and the court of appeals.

Although these actions by the supreme court are not definitive of any particular statutory interpretation of § 71.031, we think they lend credence to appellants' position that the statute preempts a forum non conveniens plea. (*See* Judge Gee's interesting observations in *Exxon Corp. v. Chick Kam Choo*, 817 F.2d 307, 315–316 (5th Cir.1987)).

█ Although we are of the opinion that public policy considerations favor allowing Texas district courts to exercise at least some limited discretion in deciding whether Texas is the most appropriate forum for cases brought under § 71.031, our construction of the statute and the apparent inclination of the Texas Supreme Court on this question require a holding that § 71.031 provides a foreign plaintiff with an absolute right to maintain a death or personal injury cause of action in Texas, without being subject to forum non conveniens dismissal.

Reversed and remanded.

DUGGAN, J., dissenting.

DUGGAN, Justice, dissenting.

It is difficult for me to believe that the Texas legislature intended by § 71.031 to permit all foreigners who imagine themselves aggrieved by American entities or individuals operating in foreign countries, but also doing business in Texas, to maintain their tort suits in Texas—without the slightest regard for nexus or convenience.

To hold that no plea of forum non conveniens will be allowed, regardless of inconvenience and potential unfairness, will no doubt subject the statute to well-deserved due process attacks.

The majority correctly states that the Texas Supreme Court has not spoken decisively on the issue in the succession of cases enumerated in the majority opinion. I believe the reason for this is that our highest court recognizes the potential for unfairness that could follow a sweeping abolition of the doctrine of forum non conveniens, and wisely intends that the doctrine remain in place as a tool for trial courts' use in the sound exercise of judicial discretion.

Two of the most instructive intermediate court opinions to explicitly recognize the doctrine of forum non conveniens were written by intermediate level appellate judges who later became distinguished justices on the Supreme Court of Texas. *Flaiz v. Moore*, 353 S.W.2d 74 (Tex.Civ. App.—San Antonio 1962), *rev'd on other grounds*, 359 S.W.2d 872 (Tex.1962) (Judge Pope); and *Forcum Dean Co. v. Missouri Pacific R.R. Co.*, 341 S.W.2d 464 (Tex.Civ.

App.—San Antonio 1960, no writ) (Judge Barrow.) It is interesting to note that no intermediate court opinion has ever repudiated the doctrine.

Unless litigants are afforded some relief in cases where a trial in Texas would be grossly unfair, it is not far-fetched to imagine that the following ditty might become the number one hit song in Yugoslavia by 1990:

I cain't prove no Texas Nexus.

I got hurt near home in Zren–Ja–Neen.

Still I filed my suit in Texas.

They ain't got no *forum non conveen* [sic].

(With apologies to George Strait and the author of "All My Exes Live in Texas," and with credit to lyricist/briefing attorney Kate Hall of this Court.)

I respectfully dissent.