Wilfred JACKSON, Appellant,

v.

S.P. LEASING CORP., et al., Appellees.

No. 9682.

Court of Appeals of Texas,
Texarkana.

March 28, 1989.

Rehearing Denied May 31, 1989.

Second Motion for Rehearing
Denied July 25, 1989.

Robert O'Conor, Jr., Adler & O'Conor, Patrice M. Barron, Houston, for appellant.

Chris Lorenzen, Jr., William S. Rhea, IV, Crain, Caton & James; Houston, for appellees.

BLEIL, Justice.

Jackson, a Honduran seaman, appeals an adverse summary judgment. He sued to recover damages under 46 U.S.C.A.App. § 688(b) (West Supp.1988), the Jones Act, for injuries sustained while employed by a Panamanian corporation aboard an American-owned tugboat working in Mexican territorial waters. Jackson contends that the trial court erred in granting S.P. Leasing's motion for summary judgment for these reasons: (1) the Jones Act is unconstitutional; (2) the Texas Civil Practice & Remedies Code allows an action for personal injury sustained in a foreign country to be litigated in Texas courts; and (3) the trial court's judgment did not require S.P. Leasing to submit to service of process and to the jurisdiction of another court. We find no error and affirm.

Gulf Fleet Crews, Inc., a Panamanian corporation, employed Jackson as second engineer aboard the United States flag vessel *Gulf Tempest,* which was owned by S.P. Leasing Corporation, a Delaware corporation, with its principal place of business in Harris County, Texas. The *Gulf Tempest* had engaged in the exploration, development, and production of minerals and energy resources off the coast of Mexico since 1981, pursuant to a contract with the Mexican National Oil Corporation.

On November 2, 1983, a large engine suspended on a frame in the engine room of the *Gulf Tempest* swung and crushed Jackson's left hand against a door. Jackson claimed that the crushing of his fourth and fifth fingers resulted in the complete incapacity of his left hand. At the time of his injury, the *Gulf Tempest* was located within twelve nautical miles of the Mexican coast, working exclusively out of the port of Coatzacoalcos, Veracruz, Mexico.

A defendant who moves for summary judgment must demonstrate that, as a matter of law, no material issue of fact exists with respect to the plaintiff's cause of action. *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex.1983); Tex.R.Civ.P. 166a. In a summary judgment proceeding, the burden of proof is on the movant, and all doubts as to the existence of a genuine fact issue are resolved against him. *Roskey v. Texas Health Facilities Commission,* 639 S.W.2d 302, 303 (Tex.1982). With these principles in mind, we review the applicability of the Jones Act under the present state of facts.

In 1982, Congress amended the Jones Act by renumbering the existing Section 688 language as Section 688(a), and by adding the following language as Section 688(b):

(1) No action may be maintained under [the Jones Act] or under any other maritime law of the United States for maintenance and cure for damages for the injury or death of a person who was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action if the incident occurred—

(A) while that person was in the employ of an enterprise engaged in the exploration, development, or production of off-shore mineral or energy resources—including but not limited to drilling, mapping, surveying, diving, pipe-laying, maintaining, repairing, constructing, or transporting supplies, equipment or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces; and

(B) in the territorial waters or waters overlaying the continental shelf of a nation other than the United States, its territories, or possessions. As used in this paragraph, the term "continental shelf" has the meaning stated in article I of the 1958 Convention on the Continental Shelf.

(2) The provisions of paragraph (1) of this subsection shall not be applicable if the person bringing the action establishes that no remedy was available to that person—

(A) under the laws of the nation asserting jurisdiction over the area in which the incident occurred; or

(B) under the laws of the nation in which, at the time of the incident, the person for whose injury or death a remedy is sought maintained citizenship or residency.

In short, Section 688(b) denies a Jones Act remedy and any other remedies under general maritime law to a foreign seaman in the offshore drilling industry when the seaman is injured in another country's territorial waters, unless neither the country where the injury occurred nor the seaman's home country provides any remedy. *Camejo v. Ocean Drilling & Exploration,* 838 F.2d 1374, 1376–77 (5th Cir.1988).

Congress amended the Jones Act to curtail forum shopping by foreign plaintiffs. That forum shopping by foreign plaintiffs occurred is historically documented. *See generally* 128 Cong. Rec. S1982 (daily ed. Sept. 28, 1982). In hopes of achieving high recoveries, many foreign offshore workers brought personal injury and wrongful death suits in United States courts. So blatant was the forum shopping that a judge in Great Britain noted: " 'As a moth is drawn to the light, so is a litigant drawn to the United States.' *Smith Kline and French Laboratories, Ltd., et al. v. Block* [1983] 2 All E.R. 72, 74 (C.A.1982) (Denning, M.R.)." *Nicol v. Gulf Fleet Supply Vessels, Inc.,* 743 F.2d 289, 290 (5th Cir. 1984). Furthermore, before the 1982 amendment, most court decisions held that a foreign offshore worker injured in foreign waters could not bring his action in a United States court unless he lacked a remedy in his home and host nations. Thus, the Jones Act, as amended, codified judicial precedent.

At the time of his injury, Jackson was a citizen and resident of Honduras and was neither a citizen nor a resident alien of the United States. As part of S.P. Leasing's summary judgment evidence, it showed that Jackson had remedies available to him under the labor law and civil code of Mexico, the nation asserting jurisdiction over the area in which the accident occurred, and the labor law of Honduras, the nation in which Jackson maintained citizenship and residency.

■ We initially address the threshold question of the constitutionality of the Jones Act. Jackson contends that it represents a continuation of the historical trend that discriminates against aliens. Specifically, Jackson contends that the Jones Act violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

The Fourteenth Amendment, as well as the Fifth Amendment, protects every alien within the jurisdiction of the United States from deprivation of life, liberty, or property without due process of law. *Wong*

*Yang Sung v. McGrath,* 339 U.S. 33, 48–51, 70 S.Ct. 445, 453–54, 94 L.Ed. 616 (1950). However, the fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not mean that all aliens are entitled to enjoy all the advantages of citizenship or that all aliens must be placed in a single homogeneous legal classification; a legitimate distinction between citizens and aliens may justify attributes and benefits for one class not accorded to the other. *Mathews v. Diaz,* 426 U.S. 67, 78, 96 S.Ct. 1883, 1890, 48 L.Ed.2d 478, 489 (1976). Many constitutional and statutory provisions rest on the premise that a legitimate distinction between citizens and aliens may justify attributes and benefits for one class not accorded to the other. In fact, the whole of Title 8 of the United States Code, regulating aliens and nationality, is founded on the legitimacy of distinguishing between citizens and aliens. *Mathews v. Diaz,* 426 U.S. at 78 n. 12, 96 S.Ct. at 1890 n. 12, 48 L.Ed.2d at 489 n. 12.

The mere creation of different classes does not violate the Equal Protection Clause; rather, it is only the creation of an irrational classification system that violates the Equal Protection Clause. *Id.* 426 U.S. at 78–79, 96 S.Ct. at 1890–91, 48 L.Ed.2d at 489–90. The Jones Act, which bars a nonresident alien from litigating a personal injury claim in a United States court if he has a remedy available in his home nation or his host nation, serves the legitimate purpose of limiting access to the United States courts to those persons who possess sufficient contacts with the United States to avail themselves of its court system. Under the Jones Act, an injured nonresident alien's access to the United States courts is not prevented, only conditioned: if he has no remedy in the country of his citizenship or in his host nation, then he may properly adjudicate his claim in a United States court under the Jones Act, assuming, of course, that he can secure in personam jurisdiction over the defendant. We conclude that 46 U.S.C.A.App. § 688(b) violates neither the Due Process nor the Equal Protection Clause of U.S. Const. amend. XIV, § 1.

■ Jackson also contends that the trial court erred in granting summary judgment dismissing his claim because Tex.Civ.Prac. & Rem.Code Ann. § 71.031 (Vernon 1986), the Texas Open Forum Act, allows an action for personal injury sustained in a foreign country to be litigated in a Texas court. Although this contention appears meritorious, Jackson failed to plead or otherwise present Section 71.031 in any manner to the trial court. Jackson's allegations sought relief solely under the Jones Act; he pleaded no other action. Matters not presented to the trial court in pleadings, written motions, answers, or other responses cannot be considered on appeal as a ground for reversal. *Robinson v. City of San Antonio,* 727 S.W.2d 40, 43 (Tex.App.–San Antonio 1987, writ ref'd n.r. e.); Tex.R.Civ.P. 166a(c).

Had Jackson properly pled Section 71.031, we would be required to address a significant legal question which is at present unresolved in Texas, namely, whether federal maritime law, specifically the *forum non conveniens* provision of the Jones Act, supersedes the Texas Open Forum Act. While an intermediate appellate court in *Couch v. Chevron International Oil Co.,* 672 S.W.2d 16 (Tex.App.–Houston [14th Dist.]), *writ ref'd n.r.e. per curiam,* 682 S.W.2d 534 (Tex.1984), has squarely addressed this issue, and held that the federal doctrine of *forum non conveniens* supersedes Texas law, the Supreme Court, in refusing an application for writ of error, specifically declined to approve that portion of the lower appellate court's opinion observing that, "the applicability of *forum non conveniens* to an article 4678 [now codified in Tex.Civ.Prac. & Rem.Code Ann. § 71.031] cause of action is an open question." Thus, in Texas this issue remains open and the United States Supreme Court has held that Texas courts are free to apply whatever *forum non conveniens* rule they may choose. *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988).

Therefore, because this question appears to be an open one, we decline to overrule Jackson's contention on the additional basis

that the Jones Act precludes the litigation of this matter in Texas courts.

■ Jackson further contends that the trial court erred in failing to condition the dismissal of his suit upon S.P. Leasing's submission to service of process and to the jurisdiction of a foreign court. The Jones Act grants no authority to a trial court to condition its summary judgment upon the agreement of the defendant to submit to service in another jurisdiction. Moreover, even if the trial court had authority to impose such a condition, Jackson failed to request it. By his failure to request such a condition, Jackson waived any possible relief. Parties are restricted on appeal to the theory on which the case was tried. *Davis v. Campbell*, 572 S.W.2d 660, 662 (Tex. 1978).

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

■ After filing a motion for rehearing of the cause, Jackson asked this Court to allow him to supplement the transcript in the case. Jackson's attorney said that during the course of preparing his motion for rehearing, it was noticed that several important items were missing from the transcript, including his latest amended petition and response to the defendants' motion for summary judgment. The burden is on an appellant or other party seeking review to see that a sufficient record is presented to an appellate court to show error requiring reversal. *General Life and Accident Ins. Co. v. Handy*, 766 S.W.2d 370 (Tex.App.—El Paso 1989, n.w.h.); Tex.R.App.P. 50(d). While we have wide discretion to permit supplementation of the transcript so as to include omitted matter, ordinarily the discretion should not be exercised in the absence of some unusual circumstance to allow omitted matter be filed after we issue a decision. To grant such permission is contrary to the spirit and purposes of Tex.R.App.P. 54(a) (setting forth the appellate timetable) and Tex.R.App.P. 50(d) (which places the burden upon appellant to present a sufficient record). *K & S Interests v.*

*Texas Am. Bank/Dallas*, 749 S.W.2d 887 (Tex.App.—Dallas 1988, writ denied).

We now look to the circumstances in the present case. After our opinion was issued in this cause, Jackson, on April 12, 1989, filed his motion for rehearing. During the pendency of the motion for rehearing, Jackson, on April 17, 1989, filed his motion to supplement the transcript. In that motion, the only reason given for this Court to allow the late filing of additional matters in the transcript was that Jackson's attorney had failed to include them in the transcript initially and had, during the course of preparing the motion for rehearing, discovered the absence of those documents. Jackson in no way has detailed how the filing of such documents might alter our decision or better serve the interests of justice. We decline to exercise our discretion so as to allow the filing of a supplemental transcript under the circumstances present because of the absence of any unusual circumstance.

We deny the motion to supplement the transcript and we overrule the motion for rehearing.

## ON SECOND MOTION FOR REHEARING

■ On May 31, 1989, we overruled Jackson's motion for rehearing in this cause and denied his request to supplement the transcript. We declined to exercise our discretion to allow late filing of certain documents omitted from the transcript because: (1) Jackson failed to show any unusual circumstances warranting suspension of Tex.R.App.P. 54(a) and 50(d), which require an appellant to timely present a sufficient record showing error requiring reversal on appeal; and (2) Jackson failed to detail how the filing of the omitted documents, namely his latest amended petition and response to the defendant's motion for summary judgment, would alter our decision or better serve the interests of justice.

On June 15, 1989, Jackson filed his second motion for rehearing stating that an unusual circumstance surrounding his omission of documents from the transcript did exist: the clerk's office had mistakenly

filed the omitted documents in another case file. Due to this circumstance, and in the interest of justice, we grant Jackson's motion to supplement the transcript.

Nevertheless, after careful consideration of these documents filed in the transcript as now supplemented—Jackson's amended petition and response to the motion for summary judgment—we find that his contention that the trial court erred in granting summary judgment against him fails on the merits. A defendant who moves for summary judgment must demonstrate that, as a matter of law, no material issue of fact exists with respect to the plaintiff's cause of action. *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex.1983); Tex.R. Civ.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine fact issue are resolved against him. *Roskey v. Texas Health Facilities Commission,* 639 S.W.2d 302, 303 (Tex. 1982). We find nothing in Jackson's response to preclude the granting of a summary judgment against him.

■ Jackson contends that Tex.Civ.Prac. & Rem.Code Ann. § 71.031 (Vernon 1986), the Texas Open Forum Act, allows an action for personal injury or death sustained by a foreign citizen in a foreign country to be litigated in a Texas court. He further contends that a state court may not dismiss such an action on the basis of forum non conveniens. Our Texas Supreme Court has noted that the applicability of forum non conveniens to a Section 71.031 cause of action is an open question. *Couch v. Chevron International Oil Co.,* 682 S.W.2d 534 (Tex.1984). We conclude that Jackson's claim under the Jones Act was properly dismissed because the district court lacked jurisdiction to hear his claim, that federal maritime law preempts state law in the area of injured foreign seamen, and that the applicability of forum non conveniens to the Texas Open Forum Act need only be addressed when the district court has subject matter jurisdiction.

■ Under the doctrine of forum non conveniens, a court with jurisdiction may, at its discretion, decline to exercise that jurisdiction, and change the venue to a more convenient forum. However, before a court may decline to exercise jurisdiction, it must have jurisdiction in the first place. Due to 46 U.S.C.A.App. § 688(b) (West Supp.1989), the Jones Act, the district court lacked jurisdiction to hear Jackson's claim because Congress has manifested an intent to preempt state law in the area of injured foreign seamen.

■ Federal law may preempt state law in three different instances: first, Congress may explicitly express its intent to preempt state law; second, Congress' intention to displace state law may be inferred generally through the comprehensiveness or pervasiveness of a federal regulatory scheme; and third, even where Congress has not entirely displaced state law, federal law will nevertheless preempt state law when state law conflicts with federal law or when state law interferes with the accomplishment of a Congressional purpose. *Texas Employers' Ins. Ass'n v. Jackson,* 820 F.2d 1406, 1411 (5th Cir. 1987).

Here, federal law preempts state law because a conflict exists between the Texas Open Forum Act and the Jones Act. Whereas the Texas Open Forum Act appears to allow Jackson to litigate his claim in a Texas state court, 46 U.S.C.A.App. § 688(b) denies a Jones Act remedy and any other remedies under general maritime law to a foreign seaman in the offshore drilling industry when they are injured in another country's territorial waters, unless neither the country where the injury occurred nor the seaman's home country provides any remedy. *Camejo v. Ocean Drilling & Exploration,* 838 F.2d 1374 (5th Cir.1988). Jackson's remedies lie in Mexico and Honduras. The applicability of the doctrine of forum non conveniens to the Texas Open Forum Act will necessarily be decided in another context, not in any area of the law where, as here, federal law has preempted state law.

We overrule Jackson's second motion for rehearing.