**Olga Reyes GRIGSBY, Appellant,**

v.

**Anthony Robert GRIGSBY, Appellee.**

**No. 04–87–00423–CV.**

Court of Appeals of Texas,
San Antonio.

Aug. 31, 1988.

Thomas P. Cate, Jeffrey A. Babcock, Law Office of Thomas P. Cate, Lytle, for appellant.

Fay Cliett Gillham, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a summary judgment in a divorce case. Olga Grigsby, appellant, sued Robert Grigsby, appellee, for divorce alleging a common law marriage. The parties had previously been married and divorced. The trial court granted appellee's motion for summary judgment on the basis that no marriage existed. Appellant's motion for new trial was denied. We reverse.

Appellant raises four points of error, but we only need to address her first two points.

Appellant contends that the trial court erred in granting the motion for summary judgment because material fact issues existed regarding whether the parties represented themselves to others as husband and wife, and whether they had a present agreement to be married.

There are three elements of a common law marriage: (1) an agreement to be married, (2) cohabitation, and (3) representation to others that the couple are married. TEX.FAM.CODE ANN. § 1.91(a)(2) (Vernon 1975).

Appellee's motion for summary judgment was based on the lack of an agreement to be married and the absence of any representation or holding out to others that they were married. Appellee did not seek to negate the cohabitation element.

The standards for reviewing a motion for summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in her favor.

*Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ Once the movant has established his right to summary judgment, the non-movant's response should present to the trial court issues which would preclude summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). The question on appeal is not whether the summary judgment proof raises a fact issue, but whether the summary judgment proof establishes as a matter of law that there is no genuine fact issue. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970).

■ We agree with appellant on her first point of error that a fact issue existed on the representation element. Appellant's

affidavit attached to her response to the motion for summary judgment recites, "I named Robert as my spouse and beneficiary on my insurance. Robert continues to designate me as his spouse and beneficiary on his insurance." *Cf. Jackson v. Smith*, 703 S.W.2d 791, 795 (Tex.App.— Dallas 1985, no writ).

Additionally, the affidavit stated that others addressed appellant as "Mrs. Grigsby" in appellee's presence. The affidavit of Ricardo Reyes showed that the parties cashed checks made payable to "Mr. and Mrs. Robert Grigsby."

We conclude that the summary judgment evidence failed to conclusively establish that the parties did not represent themselves to others that they were married. Appellant's summary judgment evidence raises a material issue of fact as to the representation element. Accordingly, we hold that the summary judgment evidence does not establish as a matter of law that there is no genuine issue of fact as to representation. Appellant's first point of error is sustained.

We also sustain appellant's second point of error and hold that appellant raised a fact issue concerning an agreement to be married.

■ An agreement to be married need not be shown by direct evidence, but may be implied or inferred if it is established that the parties lived together as husband and wife and represented to others that they were married. § 1.91(b); *Collora v. Navarro*, 574 S.W.2d 65, 69 (Tex.1978).

■ Appellee argues that appellant's own summary judgment evidence showed there was no agreement to be married. We disagree.

Appellant's affidavit states, "During the time we were living together, Robert did ask me to participate in a ceremonial wedding for [our son's] sake, but I told him that we were already living together as husband and wife and that [our son] had been born in wedlock [during the previous marriage] and would not carry any stigma."

Appellant's statement does not establish the lack of an agreement. The statement is distinguishable from those in the case cited by appellee. *See Leal v. Moreno,* 733 S.W.2d 322 (Tex.App.—Corpus Christi 1987, no writ). In *Leal,* the party seeking to establish a common law marriage stated in summary judgment evidence that she and a man were trying out the relationship before actually getting married. Her statements conclusively established that there was no present agreement to be married. *Id.* at 323. In the present case, appellant's statement in her affidavit does not preclude an inference that Robert Grigsby agreed to a common law marriage and additionally wanted a ceremonial marriage.

The summary judgment evidence did not conclusively establish that there was no agreement to be married. A fact issue remains whether or not it can be inferred that such an agreement was present.

Having sustained appellant's first two points of error, we reverse the judgment and remand this cause to the trial court.

BUTTS, J., dissented and filed an opinion.

BUTTS, Justice, dissenting.

I respectfully dissent.

The defendant (respondent in divorce action) moved for summary judgment "on the issue of common law marriage."

A defendant who moves for summary judgment has the burden to show as a matter of law that no material issue of fact exists as to the plaintiff's cause of action (here the divorce petitioner) and movant is entitled to judgment as a matter of law. *Griffin v. Rowden,* 654 S.W.2d 435, 436 (Tex.1983). The defendant-movant may sustain his burden by summary judgment evidence that at least one or more of the elements of the plaintiff-nonmovant's cause of action has been established conclusively against plaintiff. *See, e.g., Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970). The plaintiff must establish each element of her cause of action to prevail at trial. Thus, if one element of plaintiff's cause of action is insufficient, the defendant's summary judgment should be granted.

In this case the defendant based his motion for summary judgment on the insufficiency of two elements of plaintiff's cause of action (common law marriage giving rise to her divorce action). TEX.FAM.CODE ANN. § 1.91 (Vernon 1974). The two elements of common law marriage which the defendant must establish conclusively against the plaintiff are: the present agreement to be married and holding themselves out to the public to be husband and wife.

There must be a *mutual* agreement presently to become husband and wife, and it must be from both sides. *See, Gary v. Gary,* 490 S.W.2d 929, 932 (Tex.Civ.App.— Tyler 1973, writ ref'd n.r.e.). In this case the defendant asked plaintiff more than one time to marry ceremonially, indicating want of present agreement by him to live together as married. That fact was not controverted. His income tax return showing him as "single" named the plaintiff as a dependent but did not show her to be his wife. Moreover, the defendant's summary judgment evidence shows that the parties did not hold themselves out to the public to be married, that several people in the community knew they were not married, as reflected in their affidavits.

I would hold that the two elements of common law marriage have been established against the plaintiff conclusively by summary judgment proof. As to plaintiff's argument that the proof presented by her affidavits raises a fact issue of common law marriage, this is not pertinent because of the strict proof required to establish conclusively that common law marriage exists. For if there is *any* want of sufficiency of proof of the elements of common law marriage, then the common law marriage cannot be proved and the cause of action fails. Therefore, under the summary judgment evidence of the defendant, I would hold he has sustained his burden of showing as a matter of law that the plaintiff

cannot establish at least one or more of the elements of her cause of action.