NUMBER 13-14-00275-CV

 COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI - EDINBURG

PAUL M. VAZALDUA JR., Appellant,

 v.

JAIME JERRY MUÑOZ, Appellee.

 On appeal from the 370th District Court
 of Hidalgo County, Texas.

 MEMORANDUM OPINION

 Before Justices Rodriguez, Garza, and Benavides
 Memorandum Opinion by Justice Rodriguez

 This appeal addresses the contest of a primary election involving the race for

Hidalgo County Justice of the Peace, Precinct 2, Place 2. See TEX. ELEC. CODE ANN.

§ 232.002 (West, Westlaw through 2013 3d C.S.) (“Any candidate in an election may

contest the election.”). By two issues, appellant-contestant Paul M. Vazaldua Jr.
challenges the trial court’s denial of his second motion for continuance and a summary

judgment granted in favor of appellee-contestee Jaime Jerry Muñoz. We affirm.

 I. BACKGROUND

 Vazaldua and Muñoz were candidates in the Hidalgo County Justice of the Peace,

Precinct 2, Place 2, Democratic Primary Election on March 4, 2014. The canvass,

conducted on March 14, 2014, determined that of the 12,881 votes cast in this race,

Muñoz received 4,389 votes, or 34.07 percent; Eloy Treviño received 2,326 votes, or

18.06 percent; Hortencia Martinez received 1,978 votes, or 15.36 percent; Pete Garcia

received 1,804 votes, or 14.01 percent; Elvia Rios received 1,018 votes, or 7.90 percent;

Vazaldua received 715 votes, or 5.55 percent; and Juan Vasquez received 651 votes, or

5.05 percent.1 A run-off between Muñoz and Treviño was scheduled.

A. Petition and Answer

 Vazaldua timely filed a lawsuit contesting the results of this election. See id.

§ 232.008 (West, Westlaw through 2013 3d C.S.). In his petition, Vazaldua stated that

he was contesting the Hidalgo County Justice of the Peace Precinct No. 2, Place 2,

Democratic Primary Election and would “prove by clear and convincing evidence that

[more] than 4,000 votes were illegally cast for the winners in this election. Therefore, a

sufficient number of illegal votes were counted to affect the outcome of the election.” He

also claimed that “the true outcome would result in [Vazaldua] being declared the winner”

or would require “the voiding of the election and the need for a new election.” In support

of his claim, Vazaldua alleged, among other things, “that persons who voted for Paul M.

 1 Treviño, Martinez, Garcia, Rios, and Vasquez are not parties to this appeal.

 2
Vazaldua, Jr. had their votes counted for one of the other candidates”; that “the voting

machines were illegally manipulated” or “malfunctioned . . . or were illegally tampered

with to affect the outcome of the election”; “the election process failed to count legal

votes”; “the outcome of the election was manipulated by fraud or illegal conduct”; and

“mistakes were made that precluded an accurate count of the vote cast.”

 Muñoz answered, generally denying Vazaldua’s allegations. Muñoz’s answer

included a plea to the jurisdiction, which the trial court denied.

B. Motion for Summary Judgments and Response

 Muñoz filed no-evidence and traditional motions for summary judgment. In his

no-evidence motion, Muñoz asserted that Vazaldua provided no evidence: (1) “that

pertains to the contested election”; (2) that any of the alleged election violations occurred;

or (3) “that the reported outcome of the contested election is not the truce [sic] outcome

of the election.” In his traditional motion, Muñoz argued that Vazaldua's cause of action

failed as a matter of law because the evidence attached to his motion disproved

Vazaldua’s cause of action as pleaded and that Vazaldua failed to raise a genuine issue

of material fact for trial on any of the statutory elements of this election contest. In

support of his motion, Muñoz attached the following relevant evidence: (1) the

deposition transcript of Yvonne Ramon, the Hidalgo County Elections Administrator, with

exhibits; (2) the deposition transcript of Vazaldua, with deposition exhibits; and (3) an

Hidalgo County Elections Department Incident Report filed by Benito Garza.

 Vazaldua responded to Muñoz’s motions for summary judgment, asserting that he

had been unable to prove his claims because he had been denied access to the election

 3
materials, which were impounded by another district court in a criminal matter. Vazaldua

urged the trial court to continue consideration of the summary judgment motions until he

had access to the information necessary to prove his claims.

 As to his traditional motion, Vazaldua also argued that he had shown that an issue

of genuine material fact remains because he

 ha[d] given enough information to Mr. Muñoz in order to rise above a mere
 surmise or suspicion that the true outcome of the election is unknown.
 Because the election has seven different candidates and 12,881 voters, a
 change in a few hundred votes means that the true outcome of the election
 is unknown.

Although he attached no evidence to his response, Vazaldua identified “a list of voters

with unspecified physical addresses voting as suspended voters” and “a list of voters with

unspecified physical addresses voting as active voters in the early vote period before

Election Day.”2 Vazaldua also argued that he had been denied access to the election

materials and that these materials would have included any affidavits to support residence

requirements.

 In his response to Muñoz’s no-evidence motion, Vazaldua asserted that the

evidence cited in response to the traditional motion supported his response. And arguing

that he had “not had adequate discovery time to find and promulgate evidence to prove

up all of his allegations,” Vazaldua discussed the factors that courts review in determining

whether enough time has been allowed for discovery. See Cmty. Initiatives, Inc. v.

 2 These lists, although identified as exhibits to Vazaldua’s deposition, are not included in the

appellate record as part of the exhibits to Muñoz’s motion for traditional and no-evidence summary
judgments. They are in the record as part of Vazaldua’s responses to Muñoz’s requests for production.
Nonetheless, it is undisputed that the lists were produced by Vazaldua during discovery and were before
the trial court in this summary judgment proceeding. See TEX. R. CIV. P. 166a(d).
 4
Chase Bank, 153 S.W.3d 270, 278 (Tex. App.—El Paso 2004, no pet.). After his

analysis, he concluded that all applicable factors weighed in favor of the denial of Muñoz’s

no-evidence summary judgment motion. Vazaldua then argued the following:

 Without access to the relevant election materials, no Contestant can make
 his case. The lack of access is neither party’s fault, but it does not prove
 that there is no evidence of material alteration of the election outcome.
 Instead, it proves that there is enough evidence for a grand jury to deliberate
 and ratify a course of investigation [in a criminal matter].

C. Motions for Continuance and Responses

 On April 21, 2014, one day before Muñoz filed his summary judgment motions,

Vazaldua filed his first motion for continuance, seeking additional time to conduct

discovery. Vazaldua asserted that because the election materials necessary to prove

central allegations of his election contest had been impounded and were in the process

of being examined by an expert as part of the grand jury investigation, “[c]ontinuing this

trial for good cause serves the purpose of ensuring that the information necessary for all

the litigants to prove up the true outcome of the election is at hand.” Vazaldua attached

his affidavit “as evidence of good cause in furtherance of this motion.” See TEX. R. CIV.

P. 251 (“No application for a continuance shall be heard before the defendant files his

defense, nor shall any continuance be granted except for sufficient cause supported by

affidavit, or by consent of the parties, or by operation of law.”); see also TEX. ELEC. CODE

ANN. § 232.012(e) (West, Westlaw through 2013 3d C.S.) (setting out that “[t]he district

judge may not grant a continuance in the trial except one time for a period not exceeding

10 days for good cause supported by the affidavit of a party”). Muñoz challenged

Vazaldua’s allegations. Although we find no order in the record, it is undisputed that on

 5
April 29, 2014, after a hearing on Muñoz’s motion for summary judgments, the trial court

did not rule on the summary judgment motion. Instead, it continued the proceedings until

May 7, 2014, thus, granting Vazaldua’s first motion for continuance.3

 On May 2, 2014, Vazaldua filed a verified, second motion for continuance. After

setting out facts in support of his motion, Vazaldua cited D.R. Horton-Texas, Ltd. v.

Savannah Properties Associates, L.P. and discussed the following factors, which he

claimed weighed in favor of a continuance: (1) the time in which the case has been filed,

(2) the materiality of the evidence, and (3) the movant’s due diligence in obtaining the

evidence. See 416 S.W.3d 217, 223 (Tex. App.—Fort Worth 2013, no pet.). Vazaldua

also acknowledged that the contestants had “already been granted one continuance” and

“the election code statutorily only allows one continuance for good cause up to ten days.”

See TEX. ELEC. CODE ANN. § 232.012(e). Nonetheless, Vazaldua argued that “the statute

does not apply” for the following reasons: (1) the litigants agreed to a trial schedule that

did not comply with a plain reading of section 232.012, so they opted for a different course

of litigation; (2) violating the deadlines prescribed by the code did not “rob” the trial court

of jurisdiction, and since the recodification of the code, “procedural rigor has given way to

judicial discretion and allowance” such that the trial court “can allow more time for

discovery to allow the grand jury time to complete its investigation and meet the demands

 3 On April 28, 2014, Vazaldua filed a motion for continuance of the summary judgment hearing
until the date of trial. See TEX. R. CIV. P. 166a(g), 252. Vazaldua re-urged the arguments made in his
first motion and again asked the trial court for a continuance. But because Vazaldua filed no affidavit in
support of this motion for continuance, it was not properly before the trial court. See id. at R. 166a(g)
(setting out that if a party opposing summary judgment files an affidavit stating that he or she cannot present
the facts in support of his position, a trial court may order a continuance “to permit affidavits to be obtained
or depositions to be taken or discovery to be had”).

 6
of the purpose of the statute,” which “is to have a prompt trial schedule”; and (3) “the

[c]ourt should wait until the grand jury has finished its investigation in order to best

harmonize the outcomes between the Grand Jury investigation and the election contest

at issue” in this case. Muñoz objected to Vazaldua’s second motion for continuance,

arguing, in relevant part, that the election code does not allow for a second continuance.

D. The Trial Court’s Rulings

 On May 7, 2014, after hearing arguments, the trial court denied a second

continuance and granted Muñoz’s no-evidence and his traditional motions for summary

judgment. This accelerated appeal followed. See TEX. ELEC. CODE ANN. § 232.014

(West, Westlaw through 2013 3d C.S.).

 II. MOTION FOR CONTINUANCE

 By his first issue, Vazaldua contends that the trial court abused its discretion when

it did not grant him a second continuance. Under the election code, we conclude that it

did not.

A. Applicable Law and Standard of Review

 The character of the proceedings before us is an election contest. It is not an

ordinary case in law or in equity. See Wooley v. Sterrett, 387 S.W.2d 734, 737 (Tex. Civ.

App.—Dallas 1965, no writ). And “elections are politically time sensitive, and legislative

remedies for contested elections are to be strictly followed.” Rodriguez v. Cuellar, 143

S.W.3d 251, 260 (Tex. App.—San Antonio 2004, pet. dism'd) (op. on en banc

reconsideration); see Wooley, 387 S.W.2d at 737–38, 742. In other words, “[t]he very

nature of the proceedings is such that courts are called upon to speedily and expeditiously

 7
dispose of the subject matter without regard to some of the usual rules applicable in the

ordinary civil action.” Wooley, 387 S.W.2d at 737–38 (citations omitted).

 The election code sets out accelerated procedures for election contests. See,

e.g., TEX. ELEC. CODE ANN. §§ 232.012, 232.014. Specific to continuances, the election

code provides that “[t]he district judge may not[4] grant a continuance in the trial [of the

contest] except: (1) one time for a period not exceeding 10 days for good cause

supported by the affidavit of a party; or (2) with the consent of the parties.” Id.

§ 232.012(e). The only instance where this restriction does not apply is a request for a

continuance for the purpose of bringing in a substitute contestee following the death of a

contestee. Id. § 232.012(g).

 The trial court’s ruling on most motions for continuance is within its discretion.

State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988); Villegas v. Carter, 711

S.W.2d 624, 626 (Tex. 1986); cf. TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(b) (West,

Westlaw through 2013 3d C.S.) (setting out when the trial court must grant a properly

requested motion for a legislative continuance); TEX. ELEC. CODE ANN. § 232.012(e)

(providing that the trial court may grant only one continuance for good cause or may grant

a continuance with the consent of the parties). A trial court abuses its discretion if it acts

in an arbitrary and unreasonable manner or without reference to guiding rules or

principles. McAleer v. McAleer, 394 S.W.3d 613, 617 (Tex. App.—Houston 2012 [1st

Dist.], no pet.); see State v. Crank, 666 S.W.2d 91, 93 (Tex. 1984) (op. on reh’g). “The

appellate court may not substitute its judgment for that of the trial court in matters

 4 “May not” imposes a prohibition and is synonymous with “shall not.” TEX. GOV’T CODE ANN. §
311.016(5) (West, Westlaw through 2013 3d C.S.).
 8
committed to the trial court's discretion.” McAleer, 394 S.W.3d at 617.

B. Discussion

 Vazaldua contends that the trial court should have granted his second motion for

continuance “outside the parameters of the statute” because “the trial had already been

agreed to on a schedule outside the parameters of the statute.” We are not persuaded

by this argument. It is undisputed that the parties agreed to a trial schedule that did not

comply with a plain reading of section 232.012. See TEX. ELEC. CODE ANN. § 232.012(d).

However, the record also shows that the parties did not agree to a second continuance.

Instead, Muñoz objected to Vazaldua’s second motion for continuance. So the exception

for consent to a second continuance does not apply in this case. See id. § 232.012(e)(2).

And we cannot conclude, without more, that an agreement to a non-compliant trial date

translates into a broader reading of the statute such that other restrictions do not apply.

 Vazaldua also argues that we should look to the purpose of the statute and not to

the statute’s plain reading to ensure that the purpose is served. Vazaldua describes the

purpose summarily as a “prompt trial schedule.” But we cannot conclude that the trial

court abused its discretion in denying relief on this basis. Instead, we conclude that the

trial court’s ruling served the purpose of the statute, which is “to speedily and expeditiously

dispose of the subject matter without regard to some of the usual rules applicable in the

ordinary civil action.” See Wooley, 387 S.W.2d at 737–38; see also TEX. R. CIV. P. 251,

252 (discussing the applicability of continuances in a civil proceeding).

 Finally, without citing authority, Vazaldua argues that the trial court “should have

waited until the Grand Jury finished its investigation in order to harmonize the outcomes

 9
between the Grand Jury investigation and the election contest.” See TEX. R. APP. P.

38.1(i) (“The brief must contain a clear and concise argument for the contentions made

with appropriate citations to authorities and to the record.”). In support of this argument,

Vazaldua advises this Court that: (1) the Grand Jury has hired an expert to review the

electronic voting machines; (2) the name of the firm has been publicly reported; (3) the

Commissioner’s Court has ratified the funding for the investigation; and (4) the District

Court overseeing the investigation and audit has issued an order releasing certain critical

records to the expert doing the audit, making it “clear that the Grand Jury was moving

apace”; and (5) he “believes a final evaluation and report is imminent.” However, this

information was not before the trial court when it denied a second continuance. And we

cannot conclude that the trial court abused its discretion in denying the continuance on

this basis.

 We conclude that when the trial court denied Vazaldua’s second motion for

continuance, it acted with reference to section 232.012(e)(1) of the election code. See

TEX. ELEC. CODE ANN. § 232.012(e)(1). In that regard, it did not act in an arbitrary and

unreasonable manner or without reference to guiding rules or principles such that it

abused its discretion. See McAleer, 394 S.W.3d at 617. We overrule Vazaldua’s first

issue.

 III. TRADITIONAL MOTION FOR SUMMARY JUDGMENT

 Where, as here, a party moves for both no-evidence and traditional summary

judgments, the appellate court typically first reviews the trial court's ruling under the no-

 10
evidence standard of review. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.

2004). However, because our review of the trial court’s ruling on Muñoz’s traditional

motion for summary judgment is dispositive of this issue, we will address it alone. See

TEX. R. APP. P. 47.1.

 By his second issue, Vazaldua challenges the granting of Muñoz’s traditional

motion for summary judgment. He appears to be arguing that he created a fact issue on

an element of his claim by providing evidence of voters without physical addresses to the

trial court and to Muñoz.5

A. Standard of Review and Applicable Law

 In the case of a traditional summary judgment, the issue on appeal is whether the

movant met the summary judgment burden by establishing that no genuine issue of

material fact exists and that the movant is entitled to judgment as a matter of law. TEX.

R. CIV. P. 166a(c); Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d

844, 848 (Tex. 2009). We review a trial court's ruling on a summary judgment motion de

novo. Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010); Alejandro v. Bell,

84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.).

 A defendant moving for summary judgment on the plaintiff’s cause of action

assumes the burden of showing as a matter of law that the plaintiff has no cause of action.

See Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Griffin v. Rowden, 654

S.W.2d 435, 436 (Tex. 1983). The defendant must disprove the plaintiff’s cause of action

as pleaded. GNG Gas Sys. v. Dean, 921 S.W.2d 421, 426 (Tex. App.—Amarillo 1996,

 5 As noted earlier, it is undisputed that Vazaldua produced these documents in response to
Muñoz’s requests for production and at his deposition.
 11
writ denied). If the defendant disproves as a matter of law one or more essential

elements of the plaintiff’s cause of action, the defendant is entitled to a summary judgment

unless the plaintiff presents evidence sufficient to raise a fact issue. See Centeq Realty,

Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).

 The focus of a trial court’s inquiry in an election contest is set out in section

221.003(a) of the election code as follows:

 (a) The tribunal hearing an election contest shall attempt to ascertain
 whether the outcome of the contested election, as shown by the final
 canvass, is not true because:

 (1) illegal votes were counted; or

 (2) an election officer or other person officially involved in the
 administration of the election:

 (A) prevented eligible voters from voting;

 (B) failed to count legal votes; or

 (C) engaged in other fraud or illegal conduct or made a
 mistake.

TEX. ELEC. CODE ANN. § 221.003(a) (West, Westlaw through 2013 3d C.S.).

 “To set aside the outcome of an election, the contestant must prove by clear and

convincing evidence that a violation of the election code occurred and such violation

materially affected the outcome of the election.” Duncan-Hubert v. Mitchell, 310 S.W.3d

92, 97–98 (Tex. App.—Dallas 2010, pet. denied); see Gonzalez v. Villarreal, 251 S.W.3d

763, 773, 777–78 (Tex. App.—Corpus Christi 2008, pet. dism’d w.o.j.). An election’s

outcome may be materially affected when a different and correct result would have been

reached in the absence of irregularities or if irregularities in the conduct of the election

render it impossible to determine the majority of the voters’ true will. Duncan-Hubert,
 12
310 S.W.2d at 98; see Gonzalez, 251 S.W.3d at 778.

B. Discussion

 Vazaldua’s appellate argument in support of this issue follows in its entirety:

 Appellant provided to the trial court and contestee evidences [sic] of voters
 without physical addresses[, hundreds of which Vazaldua claims were
 Precinct 2 voters voting as suspended voters]. Appellant is entitled to the
 reasonable inference that the hundreds of voters listed in those files without
 physical addresses voted illegally. In addition, Appellant is entitled to the
 reasonable inference that this is a symptom of the massive, covert fraud
 that has been alleged in his pleadings. Clearly these documents taken as
 true and in their best light should have nullified the traditional summary
 judgment motion.[6]

 Muñoz claimed in his motion for traditional summary judgment that he proved as

a matter of law that no irregularity affected the outcome of the contested election and that

Vazaldua did not create a fact issue by producing controverting evidence that raises a

fact issue on that element. See Centeq Realty, 899 S.W.2d at 197. In support of his

motion, Muñoz filed the transcript of the deposition of Hidalgo County Elections

Administrator Ramon. She testified at her deposition that Hidalgo County has no

evidence of illegal votes, election machine malfunction, illegal manipulation of election

machines, diverted votes, or illegal tampering; Hidalgo County had no evidence that the

election results were wrong; Hidalgo County counted all legal votes; the election results

were an accurate count; Hidalgo County had no evidence of any irregularities impacting

the election; and the results of the election were a true outcome. Vazaldua raised no

objections to this testimony. In addition, Vazaldua testified at his deposition that he had

 6 In this second issue, we note that Vazaldua does not assert that he had inadequate time for

discovery in order to respond to Muñoz’s traditional motion for summary judgment. So that argument is
not before us in this appeal.
 13
no evidence of any illegal votes and that the lists of voters produced for his deposition

provided no information specifically regarding his race. He also testified that he had no

evidence of malfunctioning machines, illegal manipulation of the machines, diverted

votes, illegal tampering, illegal conduct, or mistakes or irregularities impacting the

election. Vazaldua indicated that he had no evidence that anybody failed to count legal

votes and no evidence to prove the election results were wrong or that the voting

machines were not working.

 Finally, in support of his traditional motion, Muñoz attached Benito Garza’s

handwritten Hidalgo County Elections Department Incident Report, which outlined a

voting irregularity that Garza experienced when he voted in another race while using

Hidalgo County’s electronic voting machines. According to Garza’s incident report, he

attempted to vote for Rene Guerra, a candidate for Hidalgo County District Attorney, but

the machine switched his vote to another candidate. Garza further set out that he alerted

the election officials to the problem and that they cancelled his ballot and directed him to

another voting machine where he was able to cast his votes in favor of the candidates he

was supporting, thus indicating that there were no irregularities that affected the election

with regard to Garza’s vote. We note that Garza’s report does not concern Vazaldua’s

election. Vazaldua also testified at his deposition that the Garza incident report was

unrelated to the Justice of the Peace race at issue in this a case.

 In his response and now on appeal, Vazaldua appears to be arguing that, by the

documents he produced, he created a fact question regarding whether there were alleged

irregularities affecting the outcome of his race. Yet he merely directs us to a list that he

 14
produced to Muñoz, a list which names approximately 1,100 Hidalgo County voters,

hundreds of whom he claims were Precinct 2 voters who voted illegally in the election.

Vazaldua has not specifically identified the portions of the evidence—the voters—that he

wanted the trial court to consider. See Gonzales v. Shing Wai Brass & Metal Wares

Factory, Ltd., 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.). When an

entire document, such as the list of voters, is attached to a response and the response

refers to it only generally, that reference does not satisfy the requirement for specificity.

See id.; see also Upchurch v. Albear, 5 S.W.3d 274, 284–85 (Tex. App.—Amarillo 1999,

pet. denied) (concluding that 3,000 pages attached to a motion was not proper summary

judgment evidence because it was not indexed, and the motion did not cite to specific

parts of the document). In this case, we conclude that the list of voters provided by

Vazaldua in support of his response was not proper summary judgment evidence. And

even if we were to conclude that it was proper, it would not be enough to create a fact

issue unless there was some evidence in addition to the list showing the identified

individuals voted illegally.

 Based on our de novo review of the trial court’s ruling, we conclude that Muñoz

has shown as a matter of law that Vazaldua has no cause of action as pleaded. See

Lear Siegler, 819 S.W.2d at 471; Griffin, 654 S.W.2d at 436; GNG Gas Sys., 92 S.W.2d

at 426. We further conclude that the evidence produced by Vazaldua did not raise a fact

issue on the elements of his cause of action. See Centeq Realty, 899 S.W.2d at 197.

The trial court did not err when it granted Muñoz’s traditional motion for summary

judgment. We overrule Vazaldua’s second issue.

 15
 We need not address Vazaldua's remaining arguments in his second issue, as

they have no bearing on the final disposition of this appeal. See TEX. R. APP. P. 47.1.

 IV. CONCLUSION

 We affirm the judgment of the trial court. No motion for rehearing will be

entertained.7 See TEX. ELEC. CODE ANN. § 232.014(e).

 NELDA V. RODRIGUEZ
 Justice

Delivered and filed the
20th day of June, 2014.

 7 On May 23, 2014, Muñoz filed a motion for expedited resolution of this appeal. We carried this
motion with the case on appeal. In light of this opinion, we now deny Muñoz’s motion as moot.
 16