**DENNY'S INC., et al., Appellant,**

v.

**RAINBO BAKING COMPANY, INC., Appellee.**

No. 01–88–01187–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 13, 1989.

Rehearing Denied Aug. 3, 1989.

---

Bill R. Bludworth, Katherine S. Youngblood, Wood, Lucksinger & Epstein, Houston, for appellant.

Randall J. Heldt, Funderburk & Funderburk, Houston, for appellee.

Before SAM BASS, DUGGAN and HUGHES, JJ.

SAM BASS, Justice.

This is an appeal from the granting of a summary judgment filed in response to a third-party action, which was later severed from the original action.

We reverse and remand.

Esther Anderson and her husband, Russell D. Anderson [the Andersons], filed suit against appellants, Denny's, Inc., Denny's Restaurant, Inc., Denny's, Inc. d/b/a Denny's Restaurant, Inc., Portion–Trol Foods, Inc., and Proficient Food Company [Denny's], for personal injuries caused when Mrs. Anderson ingested a wire that allegedly was in a hamburger she purchased from Denny's. Denny's filed a third-party action against appellee, Rainbo Baking Company, Inc. [Rainbo], seeking contribution and indemnity, alleging that if the wire was in the hamburger, the hamburger bun, which Denny's purchased from Rainbo, was the "most likely source" of the wire.

Rainbo filed a motion for summary judgment against Denny's, alleging that Denny's could not prove when the contamination occurred or that the wire was in the bun when it left Rainbo's premises. Rainbo also alleged that Denny's, as a restaurant, impliedly warranted any food it sold. Rainbo did not attach proof in support of its motion.

Denny's then filed a response to Rainbo's motion for summary judgment, alleging that the hamburger patty could not have been contaminated during processing and packing because any wire would have been detected by a metal detection system; nor could the patty have been contaminated at the restaurant because Denny's does not use wire brushes or utensils during food preparation. Denny's also filed a motion

for summary judgment, alleging that the Andersons could not establish that the wire was in the hamburger when it left Denny's. As part of their summary judgment proof, Denny's filed the deposition of Stephen Anderson, a metallurgist.[1]

The trial court denied Denny's motion for summary judgment, and approximately a month later, entered an interlocutory order granting Rainbo's motion for summary judgment. On Rainbo's motion, the court severed Denny's third-party action against Rainbo.

In point of error one, Denny's argues that the trial court erred in granting Rainbo's motion for summary judgment because there are genuine issues of material fact. The summary judgment movant has the burden of showing that there is no genuine issue of material fact, and all doubts are resolved against the movant. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982). Rainbo, as a third-party defendant, is entitled to a summary judgment if it shows as a matter of law that no material issue of fact exists for Denny's cause of action. *See Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 166–67 (Tex.1987).

Denny's contends that Rainbo did not establish by prima facie evidence that the wire was not in the bun because Rainbo did not file any summary judgment proof. Denny's maintains that because Rainbo did not meet its burden of proof, Denny's had no burden to bring forward evidence to defeat Rainbo's motion. Denny's filed, however, summary judgment evidence either in response to Rainbo's motion for summary judgment or as proof in support of its motion for summary judgment. Because both parties filed motions for summary judgments in this case, Denny's evidence was before the court when it considered the motions. Thus, we will consider this evidence to determine if the court

erred in granting summary judgment for Rainbo.

■ In a supplemental motion, Rainbo referred to Steven Anderson's deposition testimony as proof supporting its claim. A summary judgment can be based on the testimony of an expert witness when (1) the subject matter is such that the trier of fact must be guided solely by the expert's opinion, and (2) the testimony is clear, positive, and direct; otherwise free from contradictions and inconsistencies; and could have been readily controverted. Tex.R. Civ.P. 166a. Anderson, Denny's expert witness and metallurgist, testified that the wire had broken off from either a wire-bristled brush or a wire wheel and was covered with a high concentration of lead. He testified that because lead was poisonous, it was his opinion that the wire was not introduced by any food-processing facility, including those facilities providing the hamburger patty and the bun, as well as Denny's kitchen.

■ We conclude that this evidence is not sufficient to prove as a matter of law that the metal wire was not in the bun. Whether the wire was in the hamburger bun at the time it left Rainbo's control is not a matter that the trier of fact must rely solely on a metallurgist's opinion. While the metallurgist's opinion was necessary to determine that the wire was carbon steel, had a high concentration of lead on its surface, and broke off from a wire brush or wheel, *it was incumbent on Rainbo to show that such a wire could not have been introduced into the bun at its plant.* There was no evidence that the expert witness had been in Rainbo's plant or that he had personal knowledge of the type of machinery used in the plant, how the machinery was cleaned and serviced, the purity of the ingredients that went into the bread, how the bread was packaged and prepared for shipping, etc. Thus, the expert witness's opinion that a lead-coated wire prob-

---

1. Denny's summary judgment proof also included: the affidavits of Billy McLendon, Senior Vice–President of Operations–Food Products at Portion–Trol Foods, Inc. and of Abdoul R. Koroni, who was manager of the Denny's in Galveston at the time of the incident; and the deposition of Daniel Moore, an employee at National Cotton (Mr. Anderson's employer and where Mrs. Anderson consumed the hamburger), who testified that wire brushes are used at National Cotton to clean lead electrodes on batteries.

ably would not be introduced in a food processing environment does not prove as a matter of law that such a wire did not get into the bun while in Rainbo's plant.

█ We reject Rainbo's argument that Denny's warranty to the Andersons that the entire hamburger is wholesome somehow relieves Rainbo of liability. Rainbo, as the manufacturer of the bun, is liable for injuries if the wire was in the bun when it left its control. *See Jacob E. Decker & Sons, Inc. v. Capps*, 139 Tex. 609, 164 S.W.2d 828 (1942).

We sustain appellant's first point of error. Because of our disposition of this point, we need not address appellant's second point of error.

The judgment is reversed and remanded.