

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00076-CV

_____

KGCK, LLC, APPELLANT

V.

STEVEN A. MILLER AND
B. MILLER LTD. FARM PARTNERSHIP, APPELLEES

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 100,670-D; Honorable Dom Emerson, Presiding

September 10, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, KGCK, LLC, sued Appellees, Steven A. Miller and B. Miller Ltd. Farm Partnership (Miller) for specific performance of a real estate contract. Miller moved for summary judgment on the ground there was no offer and acceptance and no contract as a matter of law. The trial court granted summary judgment in Miller's favor and KGCK appealed. KGCK brings four issues complaining (1) the trial court erred in

granting summary judgment because an enforceable contract was formed for the sale of real estate, (2) Cheryl Zortman, agent for Miller, was acting within her authority by offering the property for sale, (3) KGCK unconditionally accepted Miller's binding offer to sell and (4) the online real estate listing met all the requirements of a binding contract under the Statute of Frauds—a price, a sufficient property description and an electronic signature enforceable under the Uniform Electronic Transactions Act.[1]  By reply brief, KGCK supplements its arguments on Zortman's authority to act for Miller and on the adequacy of the property description contained in the listing.  We affirm.

## BACKGROUND

Steven A. Miller, the sole owner and president of B. Miller Ltd. Farm Partnership, owns a 6,260 acre farm in Morton County, Kansas.  In past dealings concerning the property, Cheryl Zortman acted as Miller's real estate agent.  Zortman first contacted Miller in 2006 when potential buyers from Iowa were interested in the farm.  Zortman and Miller met in Morton County and entered into a handwritten listing agreement by which Miller agreed to pay her a four percent commission for the sale of 4,820 acres at a price of $2,892,000.[2]  The agreement was signed and dated February 27, 2006.  The sale did not occur.

In 2007, a second listing agreement was executed by Zortman and Miller.  This time the agreement was a typed document which voided the 2006 handwritten listing agreement and provided for a four percent commission for any new buyers brought by

---

[1] The issues vary in the Table of Contents of KGCK's original brief and the body of the brief.  We will address them as presented in the body of the brief.

[2] At the time Miller did not own the full 6,260 acres.  The additional acreage was acquired after the 2006 listing agreement.

2

Zortman. This second agreement provided: "CONTRACT BEGINNING MAY 1, 2007 AND ENDING DATE AUGUST 1ST, 2007."

In 2012, from her understanding of verbal communications with Miller, Zortman advertised the property on a website called "Loopnet." The website provides "Morton County Farm" and lists the asking price of $4,361,400. Under the heading "Description" is the following:

> 6260 acres of table top dry land farm land. Excellent land for wheat farm. Small home and 2 large sheds with concrete flooring. Close to grain market. Great investment. Lease is a cash lease. Great area for dry land farming. Exceptionally good dry land farms in area.
>
> 12-14 Miles North of Elkhart Ks and approx 5-6 miles West of Richfield KS
>
> Map of U Rd & Hi Way 27, Elkhart, KS 67950 (Morton County)

The identity of the seller is not provided on the website. The page provides: "Request additional information, CHERYL ZORTMAN," followed by a phone number. Also listed is "Last Verified 4/26/2012."

In response to the website listing, KGCK, through its Attorney-in Fact, William Osborn,[3] sent Miller a letter by Federal Express purporting to accept the offer. The letter provides:

> [t]here is an offer for sale by you of your Morton County farm acreage on the web site Loopnet.com for the sum of $4,361,400. The tract size is listed as 6,260 acres. KGCK, LLC, accepts this offer and agrees to purchase the acreage that has been listed for sale. We enclose a signed contract setting forth what we understand (from discussions with you beginning in 2007) to be the legal description of the acreage . . . . I have

---

[3] By his affidavit, William Osborn admitted to engaging in discussions for the purchase of Miller's farm in 2006 and 2007.

left space for the description to be supplemented in case we have left out anything.

In addition to the *Contract for Sale of Real Estate* signed by Osborn dated May 23, 2012, was an earnest money check in the amount of $218,070 payable to Frazee Abstract Company of Syracuse, Kansas. On July 11, 2012, Miller returned the proposed contract without signing it and also returned the earnest money check. Osborn then informed KGCK that Miller had rejected the offer.

KGCK filed suit for specific performance in the 320th District Court, Potter County, Texas.[4] In response, Miller moved for summary judgment on the ground there was no offer and acceptance and thus, no contract as a matter of law. Alternatively, Miller asserted the affirmative defense of Statute of Frauds.[5] He argued no document was signed that would satisfy the Statute of Frauds.

By its response to the motion for summary judgment, KGCK argued that all elements necessary for a contract for the sale of the Morton County property were established. Zortman acted with actual authority to offer the property for sale, listed the property on Loopnet's website, and her electronic acceptance of Loopnet's terms and conditions constituted an enforceable signature under the Uniform Electronic

---

[4] Suit was filed in Texas because Steven A. Miller is an individual residing in Potter County, Texas, and B. Miller Ltd. Farm Partnership is an entity whose principal place of business is located in Potter County, Texas.

[5] The Statute of Frauds provides that for a contract for the sale of real estate to be enforceable it must be in writing and signed by the person to be charged or by someone lawfully authorized to sign for that person. *See* TEX. BUS. & COM CODE ANN. § 26.01(a), (b)(4) (West 2009). *See also* TEX. PROP. CODE ANN. § 5.021 (West 2004).

4

Transactions Act.[6]  KGCK concluded the Loopnet posting included a price, property description and signature which satisfied the Statute of Frauds.

Miller replied to KGCK's response and objected to Osborn's affidavit for containing factual and legal conclusions and for failure to authenticate and lay the proper predicate for admissibility of attachments referenced in the affidavit.  Miller reiterated his position that no contract was formed as a matter of law and alternatively, the Statute of Frauds was not satisfied.

## STANDARD OF REVIEW—TRADITIONAL MOTION

In reviewing a summary judgment, this Court must apply well-established standards.  We review the granting of a motion for summary judgment *de novo.  Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)).  "In reviewing a summary judgment, we consider all grounds presented to the trial court and preserved on appeal in the interest of judicial economy." *Diversicare Gen. Partner*, *Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). That said, issues not expressly presented to the trial court by written motion, answer or other response are not considered on appeal as grounds for reversal.  TEX. R. CIV. P. 166a(c).  When the trial court does not specify the grounds for its ruling, a summary judgment will be affirmed if any of the grounds presented in the motion are meritorious. *Merriman v. XTO Energy*, *Inc.,* 407 S.W.3d 244, 248 (Tex. 2013).

---

[6] *See* TEX. BUS. & COM. CODE ANN. §§ 322.001 - .021 (West 2009 and Supp. 2014).

5

The party moving for a traditional summary judgment bears the burden of proving his entitlement thereto as a matter of law. *Roskey v. Texas Health Facilities Com.*, 639 S.W.2d 302, 303 (Tex. 1982). Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law. *Diversicare Gen. Partner*, *Inc.*, 185 S.W.3d at 846. A fact issue exists if there is more than a scintilla of probative evidence. Tex. R. Civ. P. 166a(c), (i). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Merrell Dow Pharmaceuticals v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed. 2d 939 (1998). In conducting our review, we are required to review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference, and all doubts are resolved against the movant. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (citing *City of Keller*, 168 S.W.3d at 823).

### ANALYSIS

The critical issue in this case, as acknowledged by KGCK in its reply brief, is whether Zortman had actual authority to act as Miller's agent. Therefore, we begin our analysis with issue two. Actual authority generally denotes the existence of authority that a principal (1) intentionally confers upon an agent, (2) intentionally allows the agent to believe that he possesses or (3) allows the agent to believe, by want of due care, that he possesses the authority to act on behalf of the principal. *Paragon Indus. Applications*, *Inc. v. Stan Excavating, LLC*, 432 S.W.3d 542, 549 (Tex. App.— Texarkana 2014, no pet.). Absent actual authority, an agent cannot bind a principal.

6

*Huynh v. Nguyen*, 180 S.W.3d 608, 622 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Actual authority is created through written or spoken words or conduct of the principal communicated to the agent. *United Residential Props.*, *L.P. v. Theis*, 378 S.W.3d 552, 564 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Zortman testified she had an oral agreement with Miller to sell his farm if she could bring him an offer for the full price.[7] By her deposition, she averred there was no confusion on her part that she had Miller's authority to sell the farm. However, she later conceded her authority was limited to advertising the farm, not selling it. She testified that in 2012, she did not have Miller's permission to sign his name and admitted she did not have verbal authorization to negotiate with KGCK on his behalf.

Miller testified the listing agreements he had with Zortman in the past had expired but "she just kept on trying to sell it on her own." He was adamant about not selling his family farm and had informed Zortman he needed to keep the farm for tax obligations. He did not agree to sell the farm and then refused to close.

Given the summary judgment evidence, including the 2007 listing agreement which by its own terms expired on August 1, 2007, we find Zortman had no actual authority to act as Miller's agent in the sale of the Morton County, Kansas farm. As such, Miller negated an essential element of KGCK's claim for specific performance, to-

---

[7] To bring an action to recover a commission for the sale of real property, the Texas Real Estate License Act, TEX. OCC. CODE ANN. §§ 1101.001-1101.806 (West 2012), requires that the promise or agreement on which the action is based be in writing and signed by the party against whom the action is brought or by a person authorized by that party to sign the document. *Id.* at § 1101.806(c) (West 2012). In 2006, Zortman was concerned enough about her commission that she entered into a homemade handwritten listing agreement.

wit: Zortman's actual authority to bind Miller to a contract, thereby establishing his entitlement to summary judgment as a matter of law. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508-09 (Tex. 2010). Issue two is overruled.

As such, taking as true all evidence favorable to KGCK as the nonmovant, we nevertheless conclude the summary judgment evidence does not raise a genuine issue of material fact concerning whether an enforceable contract was formed for the sale of the property in question. An advertisement for real estate is not an offer to sell same. The trial court did not err in granting Miller's summary judgment. Issue one is overruled. Because an enforceable contract for the sale of real estate was not formed it is unnecessary for us to address appellant's third and fourth issues. TEX. R. APP. P. 47.1.

The trial court's order granting Steven A. Miller and B. Miller Ltd. Farm Partnership's motion for summary judgment is affirmed.


Patrick A. Pirtle
Justice